■ ROBERT RAIMON, Appellant, v CITY OF ITHACA et al., Respondents, et al., Defendant.—Weiss, J. Appeal from an order and judgment of the Supreme Court (Rose, J.), entered October 31, 1988 in Tompkins County, which, inter alia, granted the motions of defendants City of Ithaca and R. L. Bates General Contractors, Paving & Associates, Inc. for summary judgment dismissing the complaint and cross claims against them.

Plaintiff, a paraplegic, was injured on September 1, 1986 when his hand-powered adult tricycle overturned. In the absence of a curb cut at the southeast corner of Mitchell Street and Ithaca Avenue in the City of Ithaca, Tompkins County, plaintiff departed the sidewalk and crossed a right-of-way owned by the city continuing over the lawn of defendant Moses Blum to reach a driveway for access to the street. The cycle overturned when it struck a stake in the ground flagged with a red ribbon but which was allegedly obscured by tall uncut grass. This action seeking recovery for personal injuries against defendants City of Ithaca and R. L. Bates General

Contractors, Paving & Associates, Inc. (hereinafter Bates) is based upon their failure to provide for reasonable access for handicapped persons from the sidewalk to the street at this corner. Plaintiff predicates liability upon a violation of Highway Law § 330, which provides that curbing at pedestrian crosswalks be made handicapped accessible whenever sidewalks or roads are constructed or reconstructed. The city had contracted with Bates in 1985 to remove the brick surface, repair the concrete roadbase and repave with asphalt several streets, including the subject intersection.

After answering, the city and Bates each moved for summary judgment dismissing the complaint and all cross claims against them. In granting these motions and dismissing the complaint against the city and Bates, Supreme Court held (1) Highway Law § 330 inapplicable because the work did not constitute reconstruction within the meaning of the statute requiring curb cuts, (2) that the action against the city is barred by lack of prior written notice of the alleged unsafe condition (City of Ithaca Charter § 7.10), (3) that the statutory duty imposed by Highway Law § 330 was not applicable to Bates, which was merely following plans and specifications provided by the city, and (4) that, as to the issue of causation, the stake became an intervening instrumentality which was the proximate cause of the accident. Finally, the court found that plaintiff had a duty to proceed as a reasonably prudent person would have under the circumstances and that the fall was caused by his own actions. Plaintiff has appealed.

The ordinary dictionary meaning of reconstruct is "to construct again" (Random House Dictionary of the English Language 1612 [unabridged 2d ed 1987]). Construct means "to build or form by putting together parts" (id., at 436). While the resurfacing project was in the nature of a capital improvement, only the surface of the pavement was changed while all of the other roadway structures remained essentially in their original form. Modification of the existing curbs and gutters was neither contemplated nor within the logical purview of the project. The legislative history of Highway Law § 330 indicates that the statute was intended to apply when the curbing was involved (see, Sponsor's mem, 1975 NY Legis Ann, at 269-270), and logically comports with the plain meanings of construct and reconstruct (see, Eaton v New York City Conciliation & Appeals Bd., 56 NY2d 340, 345). Accordingly, Supreme Court correctly found that there was no statutory duty to modify the subject curb during the repavement project.

Supreme Court further held that the conceded absence of

prior written notice (see, City of Ithaca Charter § 7.10) of an alleged defect required dismissal of the complaint against the city. The court found that if indeed the failure to reconstruct the curb with a ramp was negligent, it was clearly passive negligence and plaintiff's argument that lack of a ramp was affirmatively created by the city's action was plainly specious. In view of our holding that creation of an access ramp for handicapped persons was not required under Highway Law § 330, it is unnecessary for us to reach the prior written notice issue, except perhaps with respect to the stake in the grass.

The complaint alleges that the city was negligent in placing or allowing the placement and the continued presence of said stake which, when struck, caused the cycle to overturn. If plaintiff proves such affirmative tortious conduct on the part of the city, compliance with the prior written notice statute is not required (see, Kiernan v Thompson, 73 NY2d 840). Supreme Court dismissed plaintiff's claim against the city predicated on the hazard allegedly created by the stake, noting that none of the parties presented any evidence in that regard. It is well established that the proponent of a motion for summary judgment must initially make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate issues of fact from the case, and a failure to make such a showing requires denial of the motion regardless of the sufficiency of the opposing papers (see, Winegrad v New York Univ. Med. Center, 64 NY2d 851, 853). Here, the city has addressed the issues involving its relationship to the stake by a single bald conclusory sentence found in an affidavit by its attorney claiming that plaintiff would be unable to prove who placed the stake in the ground. This record shows that the stake may have been on city property. While the origin of the stake remains unclear, the city had not substantially addressed the stake in its motion and, accordingly, it was therefore error for Supreme Court to have dismissed the complaint in this regard (supra).

We next find that Supreme Court correctly held that the curb was not the proximate cause of the accident. The record shows that plaintiff selected his route of travel knowing the sidewalk ended without an access ramp and, as he approached the end of the sidewalk, he chose to depart and cross the grass. Plaintiff had used this route previously and routinely traveled across the grass toward the driveway. The curb, at most, provided the occasion or condition for the occurrence, but was not one of the causes (see, Sheehan v City of New York, 40 NY2d 496, 503; Rogers v Huggins, 106 AD2d 621,

622). Plaintiff was not compelled to leave the sidewalk at the point he selected; rather the decision was his independent choice.

Plaintiff's remaining contention is that the Supreme Court erroneously attributed some fault to plaintiff to the extent that he came in contact with the stake. The relative fault and liabilities concerning the stake are triable issues of fact and remain unresolved on this motion *(see, Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404).

Order and judgment modified, on the law, without costs, by reversing so much thereof as granted defendant City of Ithaca's motion for summary judgment dismissing the complaint and cross claims against it; grant said motion to the extent that liability is premised upon the state of the curb and deny the remainder of said motion; and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Weiss and Harvey, JJ., concur.