■ Shirley Kampff et al., Respondents, v Ulster Sanitation, Inc., Appellant. [720 NYS2d 288] —Cardona, P. J. Appeal from an order of the Supreme Court (Connor, J.), entered January 13, 2000 in Ulster County, which denied defendant's motion for summary judgment dismissing the complaint.

While working at a restaurant on January 30, 1995, plaintiff Shirley Kampff (hereinafter plaintiff) was injured while depositing trash in a dumpster owned by defendant. As she approached the dumpster, the lid thereof was in an upright position and apparently not fastened in any manner. Plaintiff tossed a bag of garbage into the dumpster and the lid came down striking her elbow. Thereafter, she and her husband, derivatively, commenced this action alleging, *inter alia*, that defendant failed to maintain the dumpster in a reasonably safe condition. Following joinder of issue, defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion resulting in this appeal.

"It is well settled that in order to set forth a prima facie case of negligence, the plaintiff must demonstrate: (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty; and (3) an injury suffered by the plaintiff which was proximately caused by the breach [citations omitted]" (*Murray v New York City Hous. Auth.*, 269 AD2d 288, 289). Plaintiffs argue, *inter alia*, that defendant breached a duty to plaintiff by furnishing a dumpster with a lid that was too heavy and defective. They have failed, however, to submit competent proof supporting their claims. While plaintiffs' expert opined that the dumpster was inadequately maintained because the hinges were not functioning properly and a plastic lid would have lessened plaintiff's injuries, he acknowledged that he did not have the opportunity to conduct a physical inspection of the dumpster. We further note that he did not cite to any applicable industry standards that were not followed. Under the circumstances, his opinion must be classified as speculation. Notably, no adequate proof was presented that the lid was designed, or should

have been designed, to be free standing resulting in the need to have a proper stopping mechanism. Therefore, we are of the view that defendant's motion for summary judgment dismissing the complaint should have been granted. Inasmuch as plaintiffs concede that they do not seek to recover based upon strict liability or breach of warranty, we need not address defendant's remaining contentions.

Mercure, Spain, Carpinello and Rose, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.