■ Jan G. Warrick, Appellant, v Capabilities, Inc., Respondent. [750 NYS2d 662] —Mercure, J. Appeal from a judgment of the Supreme Court (Castellino, J.), entered May 21, 2001 in Chemung County, upon a verdict rendered in favor of defendant on the issue of liability.

Plaintiff is physically handicapped as a result of childhood polio and subsequent surgery to fuse her knee, ankle, foot and toes on her right leg. As a result, she walks with an uneven gait and frequently uses a crutch or a cane to assist her. On December 4, 1997, plaintiff went to defendant's premises for a job interview. She parked her vehicle in a designated handicapped parking space in a parking lot located on the south side of the building and walked to the main entrance of the building without incident. When she exited the building following her interview, however, she fell on the walkway near the front of the building. Alleging defendant's negligence in permitting "dangerous, defective, slippery, icy, wet and unsafe conditions"

to exist, plaintiff brought this action to recover for the injuries she sustained in the fall. Following a trial on the issue of liability only, a jury rendered a verdict in favor of defendant. Plaintiff appeals, and we affirm.

Initially, we are unpersuaded that Supreme Court erred in receiving evidence concerning plaintiff's apparent effort to bribe a witness. Contrary to plaintiff's claim that the evidence constituted inadmissible hearsay, evidence tending to show that a party to an action attempted to bribe a witness to give false testimony in her favor, "though collateral to the issues, is competent as an admission by acts and conduct that the party's case is weak and [her] evidence dishonest" (*People v Davis*, 43 NY2d 17, 26, *cert denied* 435 US 998; *see Nowak v Metropolitan St. Ry. Co.*, 166 NY 433, 437).

Plaintiff's remaining contentions are all premised on the theory that, but for defendant's failure to provide handicapped parking spaces in another parking lot that was situated closer to the main entrance to the building, plaintiff would have taken a different route from the building and thereby avoided the site of her accident. Thus, plaintiff's theory continues, Supreme Court erred in refusing to permit plaintiff to present evidence of defendant's violation of various provisions of the Americans with Disabilities Act,* regulations promulgated thereunder, building codes and the Vehicle and Traffic Law relative to the provision of handicapped parking spaces. We disagree. Given plaintiff's concession that neither fatigue nor tiredness was a factor in her fall, it is apparent that the distance to the nearest available handicapped parking space had no causal connection to her injury. Even if defendant can be shown to have violated some or all of the statutory and regulatory provisions relied upon by plaintiff, an issue that we need not consider, the fact remains that the location of the handicapped parking spaces and plaintiff's resulting path of travel thereto merely provided the occasion for her accident, a fortuitous circumstance providing no legal connection between the alleged violations and the injuries sustained by plaintiff (*see Morales v City of New York*, 70 NY2d 981, 984; *Kenavan v City of New York*, 267 AD2d 353, *lv denied* 95 NY2d 756). We therefore conclude that Supreme Court did not err in excluding the proffered evidence.

Plaintiff's remaining contentions have been considered and found to be lacking in merit.

Cardona, P.J., Peters, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed, with costs.

---

* Prior to trial, plaintiff withdrew a separate cause of action for damages arising out of defendant's claimed violation of the Americans with Disabilities Act.