■ SOGOMON JAMGOTCHIAN, Respondent, v ARMENIAN CHURCH OF THE HOLY MARTYRS, Defendant, and R.J. RUSSO ELECTRIC Co., Appellant. [775 NYS2d 76]—

In an action to recover damages for wrongful death, etc., the defendant R.J. Russo Electric Co., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Golar, J.), dated May 29, 2003, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion of the appellant which was for summary judgment dismissing the complaint insofar as asserted against it is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

On March 3, 2000, an employee of the defendant R.J. Russo Electric Co. (hereinafter Russo) was working near the main entrance of a school located on the premises of the defendant Armenian Church of the Holy Martyrs (hereinafter the Church). At approximately 3:30 P.M., the plaintiff and his wife, the decedent Alice Jamgotchian, arrived at the Church to pick up their grandchildren from school. The plaintiff testified at his deposition that upon their arrival, he noticed that the front entrance door to the school was closed, that a person was standing on a ladder placed inside the doorway, and that Russo's employees were working in the area. As the decedent approached the entrance, an employee of Russo gestured to her to use the emergency door, which was open, in order to gain access to the school. Immediately after entering through the emergency door, the decedent allegedly fell down a flight of stairs sustaining fatal injuries.

After this action was commenced, Russo moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that it owed no duty to the decedent. The Supreme Court denied the motion, finding that Russo assumed a duty toward the decedent and that issues of fact exist as to whether Russo exercised reasonable care in the exercise of that duty. We reverse.

It is well settled that to establish negligence a plaintiff must demonstrate that there was a duty owed to him or her by the defendant. In the absence of a duty, there can be no breach, and without a breach, there can be no liability (*see Pulka v Edelman,* 40 NY2d 781 [1976]; *Ellis v Peter,* 211 AD2d 353 [1995]; *see also Kampff v Ulster Sanitation,* 280 AD2d 797 [2001]). Russo established its prima facie entitlement to judgment as a matter of law by demonstrating that it owed no duty to the decedent and did not assume any duty by merely directing her to use a different entranceway to the school (*see Heard v City of*

*New York,* 82 NY2d 66 [1993]; *Welwood v Association for Children with Down Syndrome,* 248 AD2d 707 [1998]). In any event, there was no evidence that the emergency entranceway was inherently dangerous (*see Chiranky v Marshalls, Inc.,* 273 AD2d 266 [2000]), or that any action or inaction on Russo's part proximately caused the decedent's accident (*see Dickinson v Dowbrands, Inc.,* 261 AD2d 703 [1999]).

In opposition to Russo's prima facie showing, the plaintiff's conclusory and speculative submission failed to raise an issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). Accordingly, Russo was entitled to summary judgment dismissing the complaint insofar as asserted against it. Santucci, J.P., Krausman, Luciano and Townes, JJ., concur.