■ SANDRA DEMSHICK, Appellant, v COMMUNITY HOUSING MANAGEMENT CORP., Respondent. (And a Third-Party Action.) [824 NYS2d 166]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Orange County (McGuirk, J.), entered October 5, 2005, as granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's cross motion for summary judgment dismissing the complaint is denied.

During the morning of December 26, 2002, the plaintiff, a resident of the Evergreen Apartments in Maybrook (hereinafter Evergreen), while walking from her apartment to the parking lot, fell and injured her right knee. A snowstorm the previous day, which continued lightly into the early morning hours of December 26, 2002, had deposited a significant amount of snow in the area.

The plaintiff commenced this action against the defendant, Community Housing Management Corp. (hereinafter CHMC), which was the property manager for Evergreen. She alleged that at the direction of a maintenance person, she exited her apartment to move her car out of the parking lot so that the lot could be plowed. According to the plaintiff, nearly one foot of snow was on the sidewalk, rendering a walk to the car difficult. Prior to reaching her vehicle, she attempted to step down from where she believed the curb to be located and fell backwards. The plaintiff claimed that as a result of the fall, she injured her right knee and underwent arthroscopic surgery.

In late February 2004 CHMC commenced a third-party action against TC Landscaping, LLC (hereinafter TC), which had a contract with CHMC to remove snow from the Evergreen parking areas, but not from the sidewalks. CHMC alleged, inter alia,

that if the plaintiff recovered any damages in her action against CHMC arising from the accident, then it was entitled to indemnification from TC.

TC moved for summary judgment dismissing the third-party complaint upon the grounds that it had no contractual obligation to remove snow from Evergreen's sidewalks and that it had no duty to the plaintiff since its contract was with CHMC. In response, CHMC cross-moved for summary judgment dismissing the plaintiff's complaint. CHMC also sought the denial of TC's motion in the event the plaintiff's complaint was not dismissed. CHMC argued that pursuant to the storm-in-progress doctrine, it could not be found liable in negligence because it was entitled to a reasonable amount of time following the cessation of a storm to effectuate snow removal. CHMC argued, in the alternative, that snow removal was not the proximate cause of the plaintiff's injury. In opposition to TC's motion, CHMC contended that the snow removal contract was comprehensive and exclusive, and displaced CHMC's duty to maintain the property in a reasonably safe condition. CHMC also argued that questions of fact existed as to whether or not TC had performed its contractual obligations. The plaintiff opposed CHMC's cross motion, but did not oppose TC's motion for summary judgment dismissing the third-party complaint. The Supreme Court granted both the motion and cross motion. It dismissed the plaintiff's complaint upon the ground that the plaintiff failed to demonstrate that CHMC owed her a duty not to ask her to move her car. As a result of the dismissal of the plaintiff's complaint, the Supreme Court dismissed the third-party complaint. The plaintiff argues on appeal that the Supreme Court erred in granting CHMC's cross motion for summary judgment dismissing her complaint. We agree.

To establish a prima facie case of negligence, a plaintiff must demonstrate the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and that the breach was a proximate cause of the plaintiff's injury (see Pulka v Edelman, 40 NY2d 781, 782 [1976]; Vetrone v Ha Di Corp., 22 AD3d 835, 837 [2005]; Jamgotchian v Armenian Church of Holy Martyrs, 6 AD3d 580, 581 [2004]). Owners and lessees are under a duty to maintain their property in a reasonably safe condition in view of the existing circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk (see Peralta v Henriquez, 100 NY2d 139, 144 [2003]; Basso v Miller, 40 NY2d 233, 241 [1976]).

A duty of care is said to exist where the plaintiff's interests are entitled to legal protection against the defendant's conduct

(*see Vetrone v Ha Di Corp.*, 22 AD3d at 837, quoting Prosser and Keeton, Torts § 53 at 357 [5th ed]). The existence and scope of an alleged tortfeasor's duty is, in the first instance, a legal question for determination by the court (*see Di Ponzio v Riordan*, 89 NY2d 578, 583 [1997]). Regardless of a plaintiff's status, the scope of duty owed by a defendant is defined by the risk of harm reasonably to be perceived (*see Sanchez v State of New York*, 99 NY2d 247, 252 [2002]; *Basso v Miller*, 40 NY2d at 241; *Palsgraf v Long Is. R.R. Co.*, 248 NY 339, 344 [1928]). Foreseeability does not define duty; it merely determines the scope of the duty once a duty is found to exist (*see Pulka v Edelman*, 40 NY2d at 785). Courts traditionally fix the duty point by balancing several factors including the reasonable expectations of the parties and society generally, the proliferation of claims, and the likelihood of unlimited or insurer-like liability (*see Matter of New York City Asbestos Litig.*, 5 NY3d 486, 493 [2005]). While courts are generally reluctant to extend liability to a defendant for a failure to control the conduct of others, a duty of care may arise where there is a relationship, such as that of employer-employee, between the defendant and a third-person tortfeasor that encompasses the defendant's actual control of the third-person's actions (*see Hamilton v Beretta U.S.A. Corp.*, 96 NY2d 222, 233 [2001]). Moreover, an individual who assumes a duty may be held liable for a breach of that duty if the individual's conduct placed the injured party in a more vulnerable position than if the obligation had not been assumed (*see Mirza v Metropolitan Life Ins. Co.*, 2 AD3d 808, 809 [2003]; *Gauthier v Super Hair*, 306 AD2d 850, 851 [2003]; *Cohen v Heritage Motor Tours*, 205 AD2d 105, 106 [1994]).

CHMC, on its cross motion for summary judgment, was required to tender proof in admissible form that it was entitled to judgment as a matter of law (*see Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065 [1979]). The failure of a proponent of a motion for summary judgment to tender sufficient evidence in admissible form in order to demonstrate the absence of any material facts warrants a denial of the motion regardless of the sufficiency of the opposition papers (*see Menzel v Plotnick*, 202 AD2d 558, 558-559 [1994]). CHMC failed to make a prima facie showing that it had no duty of care toward the plaintiff under the circumstances. CHMC never disputed that as the Evergreen property manager, it had a general duty to maintain the premises in a reasonably safe condition (*see Cupo v Karfunkel*, 1 AD3d 48, 51 [2003]). Moreover, it failed to demonstrate that the maintenance person, in requesting or directing the plaintiff to move her car from the parking lot during a snowstorm, did not assume the additional duty of ensur-

ing that the sidewalks were passable at that time to enable the plaintiff to traverse the sidewalk to the parking lot. There was clearly a working relationship between CHMC and the maintenance person, whereby CHMC had control over his actions. As to the scope of CHMC's duty, it was reasonably foreseeable that an Evergreen resident would promptly comply with the directive or request of a CHMC employee or agent who knocked on the resident's door and informed that resident that her car had to be moved from the parking lot to allow for snowplowing. There exists a triable issue of fact as to whether the maintenance person directed the plaintiff to move her car prior to the walkways being cleared of snow, and thus whether CHMC, by the maintenance person's alleged actions, breached its duty of care to her by placing the plaintiff in a more vulnerable position than if he had done nothing (*see Heard v City of New York*, 82 NY2d 66, 73 [1993]; *Cohen v Heritage Motor Tours*, 205 AD2d at 107-108).

The Supreme Court also erred in determining that the plaintiff failed to establish that the maintenance person's request was a proximate cause of her injuries. It is well settled that where conflicting evidence is presented that would support various inferences, the issue of proximate cause is properly a question of fact for the jury to decide (*see Alexander v Eldred*, 63 NY2d 460, 468 [1984]). As the plaintiff was the party opposing CHMC's cross motion for summary judgment, the plaintiff's evidence should have been accepted as true and given the benefit of every reasonable inference which may have been drawn from the evidence (*see Secof v Greens Condominium*, 158 AD2d 591, 593 [1990]).

The parties' remaining contentions are without merit. Schmidt, J.P., Adams, Dillon and Covello, JJ., concur.