■ ANN KIPYBIDA, Appellant, v GOOD SAMARITAN HOSPITAL, Respondent. [827 NYS2d 201]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Henry, J.), dated March 31, 2005, which granted the

defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

To establish a prima facie case of negligence, a plaintiff must demonstrate the existence of a duty owned by the defendant to the plaintiff, a breach of that duty, and that the breach was a proximate cause of the plaintiff's injury (*see Pulka v Edelman,* 40 NY2d 781, 782 [1976]; *Vetrone v Ha Di Corp.,* 22 AD3d 835, 837 [2005]; *Jamgotchian v Armenian Church of Holy Martyrs,* 6 AD3d 580, 581 [2004]). Owners and lessees are under a duty to maintain their property in a "reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk" (*Peralta v Henriquez,* 100 NY2d 139, 144 [2003] [citation and internal quotation marks omitted]; *see Basso v Miller,* 40 NY2d 233, 241 [1976]; *Demshick v Community Hous. Mgt. Corp.,* 34 AD3d 518 [2006]).

Here, the plaintiff, who suffers from various maladies, alleges, in sum, that the defendant provided an insufficient number of general unrestricted handicapped parking spaces in the southwest section of its parking lot accessible to her intended entrance. She was therefore required to walk an excessive distance and became weak, which proximately caused her to fall and sustain injuries (*see Warrick v Capabilities, Inc.,* 299 AD2d 622, 623 [2002]).

The defendant established its prima facie entitlement to summary judgment by demonstrating through the affidavit of its expert, that at the time of the accident, the defendant provided a sufficient number of on-site reasonably dispersed handicapped parking spaces accessible to the building's entrances in compliance with the applicable provisions of the New York State Building Code (*see* 9 NYCRR former 1101.1-1106.6; *Zuckerman v City of New York,* 49 NY2d 557 [1980]). In opposition thereto, the plaintiff's expert affidavit was, in effect, limited to a review of only the southwest segment of the lot where the plaintiff fell, and therefore was insufficient to raise a triable issue of fact (*see Romano v Stanley,* 90 NY2d 444, 451-452 [1997]; *Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]).

The plaintiff's remaining contentions are without merit. Schmidt, J.P., Adams, Santucci and Lifson, JJ., concur.