(September 18, 2007)

■ Lucy Anne Albano, Appellant, v Pete Milano's Discount Wines & Liquors et al., Respondents. [842 NYS2d 524]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Richmond County (Minardo, J.), dated September 27, 2005, as denied her motion for summary judgment on the issue of liability, granted those branches of the separate motions of the defendants Mark Lipton Associates and Great Eastern Maintenance Services, Inc., which were for summary judgment dismissing the complaint insofar as asserted against them, in effect, searched the record, and awarded summary judgment dismissing the complaint against the remaining defendants.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff allegedly was injured when she tripped on a concrete wheel stop in a parking lot where she validly parked in a handicap parking space. In support of their respective motions for summary judgment, the defendants Mark Lipton Associates (hereinafter Mark Lipton) and Great Eastern Maintenance Services, Inc. (hereinafter Great Eastern), presented evidence establishing that the concrete wheel stop was not an inherently dangerous condition and was readily observable by the reason-

able use of one's senses (*see Cardia v Willchester Holdings, LLC,* 35 AD3d 336 [2006]; *Zimkind v Costco Wholesale Corp.,* 12 AD3d 593 [2004]; *Bryant v Superior Computer Outlet,* 5 AD3d 343 [2004]). In opposition to those motions and in support of her cross motion for summary judgment on the issue of liability, the plaintiff submitted expert evidence that the design of the handicap parking space violated various provisions of the New York City Building Code. However, the plaintiff's evidentiary submissions failed to raise a triable issue of fact as to whether these alleged defects were a proximate cause of her accident (*see Kipybida v Good Samaritan Hosp.,* 35 AD3d 544, 545 [2006]; *Warrick v Capabilities, Inc.,* 299 AD2d 622, 623 [2002]; *Raimon v City of Ithaca,* 157 AD2d 999 [1990]). Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability, properly granted those branches of the separate motions of Mark Lipton and Great Eastern which were for summary judgment dismissing the complaint insofar as asserted against them, properly, in effect, searched the record, and properly awarded summary judgment dismissing the complaint against the remaining defendants. Schmidt, J.P., Goldstein, Covello and Dickerson, JJ., concur.