■ Dolores Gagliardi, Appellant, v Walmart Stores, Inc., Respondent. [860 NYS2d 207]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Nicolai, J.), entered April 24, 2007, as granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

A landowner has a duty to maintain its premises in a reasonably safe manner (*see Basso v Miller*, 40 NY2d 233 [1976]). However, a landowner has no duty to protect or warn against an open and obvious condition, which, as a matter of law, is not inherently dangerous (*see Sclafani v Washington Mut.*, 36 AD3d 682 [2007]; *Tenenbaum v Best 21 Ltd.*, 15 AD3d 646 [2005]; *Jang Hee Lee v Sung Whun Oh*, 3 AD3d 473 [2004]; *Cupo v Karfunkel*, 1 AD3d 48 [2003]).

Here, the defendant submitted evidence sufficient to establish its entitlement to judgment as a matter of law by demonstrating that the box containing an unassembled chest of dresser drawers, which was placed in the aisle of its store and allegedly caused the plaintiff's injuries, was open and obvious, not inherently dangerous, and not a proximate cause of the accident (*see Espinoza v Hemar Supermarket, Inc.*, 43 AD3d 855 [2007]; *Kaufmann v Lerner N.Y., Inc.*, 41 AD3d 660 [2007]; *Bernth v King Kullen Grocery Co., Inc.*, 36 AD3d 844 [2007]; *Cupo v Karfunkel*, 1 AD3d 48 [2003]). In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact. Lifson, J.P., Miller, Dillon and Eng, JJ., concur.