■ DIEGO PIPITONE et al., Respondents, v 7-ELEVEN, INC., Appellant, et al., Defendants. [889 NYS2d 234]—

In an action to recover damages for personal injuries, etc., the defendant 7-Eleven, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated January 13, 2009, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the appellant's motion which was for summary judgment dismissing the complaint insofar as asserted against it is granted.

The plaintiff Diego Pipitone allegedly tripped and fell over a concrete wheel stop in the parking lot of a 7-Eleven convenience store. Pipitone had previously visited the store approximately three to four times per week. Pipitone and his wife, suing derivatively, subsequently commenced this action against, among others, the defendant 7-Eleven, Inc. (hereinafter 7-Eleven), which was the out-of-possession tenant and franchisor of the subject store. The plaintiffs did not name the franchisee as a defendant. 7-Eleven and another defendant jointly moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied that branch of the motion concerning 7-Eleven. We reverse.

While 7-Eleven had a duty to maintain the premises in a reasonably safe manner (*see Basso v Miller*, 40 NY2d 233 [1976]), there is no duty to protect or warn against an open and obvious condition which is not inherently dangerous (*see Giambruno v Wilbur F. Breslin Dev. Corp.*, 56 AD3d 520, 521 [2008]; *Gagliardi*

*v Walmart Stores, Inc.*, 52 AD3d 777 [2008]; *Sclafani v Washington Mut.*, 36 AD3d 682 [2007]; *Cupo v Karfunkel*, 1 AD3d 48 [2003]). Generally, "[a] wheel stop or concrete parking lot divider which is clearly visible presents no unreasonable risk of harm" (*Cardia v Willchester Holdings, LLC*, 35 AD3d 336, 336 [2006]; *see Giambruno v Wilbur F. Breslin Dev. Corp.*, 56 AD3d at 520; *Albano v Pete Milano's Discount Wines & Liqs.*, 43 AD3d 966, 966-967 [2007]). In support of its motion, 7-Eleven submitted, inter alia, the injured plaintiff's deposition testimony, wherein he testified that he was not looking down at the parking lot surface prior to his accident. The injured plaintiff further testified that the wheel stop was painted yellow and that the surface of the parking lot was black. Under the circumstances, 7-Eleven established, prima facie, that the wheel stop over which the injured plaintiff tripped was not an inherently dangerous condition, and was readily observable to those employing the reasonable use of their senses (*see Giambruno v Wilbur F. Breslin Dev. Corp.*, 56 AD3d at 521; *Gagliardi v Walmart Stores, Inc.*, 52 AD3d at 777; *Sclafani v Washington Mut.*, 36 AD3d at 682; *Gaines v Shell-Mar Foods, Inc.*, 21 AD3d 986, 987 [2005]). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, that branch of 7-Eleven's motion which was for summary judgment dismissing the complaint insofar as asserted against it should have been granted.

The plaintiffs' remaining contentions are without merit. Skelos, J.P., Florio, Balkin and Leventhal, JJ., concur.