*560 In an action to recover damages for personal injures, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Winslow, J.), entered May 10, 2011, as granted the motion of the defendants Popei’s Clam Bar, Ltd., of Deer Park and Grand Realty Blvd., Inc., and the separate motion of the defendant Aventura Construction Services, LLC, for summary judgment dismissing the complaint insofar as asserted against each of them.
Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the defendants Popei’s Clam Bar, Ltd., of Deer Park and Grand Realty Blvd., Inc., and the defendant Aventura Construction Services, LLC, appearing separately and filing separate briefs.
While a landowner has a duty to maintain its premises in a reasonably safe manner for its patrons (see Basso v Miller, 40 NY2d 233, 241 [1976]; Katz v Westchester County Healthcare Corp., 82 AD3d 712, 713 [2011]), there is no duty to protect or warn against an open and obvious condition which is not inherently dangerous (see Pipitone v 7-Eleven, Inc., 67 AD3d 879 [2009]; Giambruno v Wilbur F. Breslin Dev. Corp., 56 AD3d 520, 521 [2008]; Gagliardi v Walmart Stores, Inc., 52 AD3d 777 [2008]; Sclafani v Washington Mut., 36 AD3d 682 [2007]; Cupo v Karfunkel, 1 AD3d 48 [2003]). Generally, “[a] wheel stop or concrete parking lot divider which is clearly visible presents no unreasonable risk of harm” (Cardia v Willchester Holdings, LLC, 35 AD3d 336, 336 [2006]; see Pipitone v 7-Eleven, Inc., 67 AD3d at 880; Giambruno v Wilbur F. Breslin Dev. Corp., 56 AD3d at 520; Albano v Pete Milano’s Discount Wines & Liqs., 43 AD3d 966, 966-967 [2007]).
In support of their respective motions, the defendants Popei’s Clam Bar, Ltd., of Deer Park and Grand Realty Blvd., Inc., and the defendant Aventura Construction Services, LLC, submitted, inter alia, the transcript of the injured plaintiffs deposition, at which she testified that she was injured when she tripped over a wheel stop in a restaurant parking lot. She testified that the accident occurred just after noon on a sunny day, and that nothing obstructed her vision at the time of the accident. The injured plaintiff had been to the restaurant on numerous occasions, and admitted that she had probably seen wheel stops in the parking lot in the past. She described the wheel stop she tripped over as being black with reflective yellow material, and stated that a photograph of the wheel stop submitted by the defendants fairly and accurately depicted the wheel stop on the date of the ac *561 cident. A review of that photograph in the record clearly shows that the wheel stop, as it existed on the date of the accident, was open and obvious and not inherently dangerous.
Under the circumstances, the defendants established, prima facie, that the wheel stop over which the injured plaintiff tripped was open and obvious, and was not inherently dangerous (see Pipitone v 7-Eleven, Inc., 67 AD3d at 880; Giambruno v Wilbur F. Breslin Dev. Corp., 56 AD3d at 521; Gagliardi v Walmart Stores, Inc., 52 AD3d at 777; Sclafani v Washington Mut., 36 AD3d at 682; Gaines v Shell-Mar Foods, Inc., 21 AD3d 986, 987 [2005]). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the subject motions for summary judgment. Rivera, J.P., Dickerson, Hall and Cohen, JJ., concur.