■ Martin B. Ashare, Respondent, v Mirkin, Barre, Saltzstein & Gordon, P. C., et al., Appellants. — In an action, *inter alia*, to recover damages for conversion, defendants appeal from (1) an order of the Supreme Court, Suffolk County, dated February 14, 1980, which, *inter alia*, (a) granted plaintiff's motion for summary judgment as to liability, (b) dismissed stated counterclaims, and (c) ordered an assessment of damages, and (2) a judgment of the same court, entered October 14, 1980, which, after a nonjury trial, awarded plaintiff compensatory damages of $12,000 and punitive damages of $6,000. Appeal from the order dismissed, without costs or disbursements (see *Matter of Aho,* 39 NY2d 241, 248). We have reviewed the order upon the appeal from the judgment. Judgment modified, on the law, by deleting the provision which awarded punitive damages and substituting a provision dismissing the claim for such damages. As so modified, judgment affirmed, without costs or disbursements. Under the circumstances, there was no basis for the award of punitive damages. Damiani, J.P., Gibbons, Gulotta and Thompson, JJ., concur. [106 Misc 2d 866.]

■ Vincent G. Berger, Jr., Respondent, v Marie D. Berger, Appellant. — In a matrimonial action in which a judgment of divorce was granted to the plaintiff husband, upon the default of the defendant wife, the defendant appeals from an order of the Supreme Court, Suffolk County, dated October 24, 1980, which, without a hearing, denied her motion to vacate the default judgment. Order reversed, with $50 costs and disbursements, and matter remitted to Special Term for an immediate hearing in accordance herewith. Under the circumstances of this case and in view of the serious nature of defendant's allegations concerning the negotiation and execution of the stipulation of settlement, it was improper for Special Term to have denied her motion on conflicting affidavits without conducting an evidentiary hearing (see *Pisano v Pisano,* 71 AD2d 670; see, also, *Christian v Christian,* 42 NY2d 63). At the hearing the defendant may offer evidence of whether the stipulation of settlement and judgment of divorce should be vacated on the ground of fraud, duress, or other similar good cause. Damiani, J.P., Mangano, Gibbons and Thompson, JJ., concur.

■ Tomassina Borelli, Appellant, v A. H. Robins Company, Respondent. — In an action to recover damages upon the theory of strict products liability, plaintiff appeals from (1) a judgment of the Supreme Court, Nassau County, entered May 29, 1980 in favor of the defendant, after a nonjury trial, and (2) an order of the same court, entered December 23, 1980, which denied plaintiff's motion to vacate the judgment and grant a new trial on the basis of newly discovered evidence. Judgment and order affirmed, with one bill of costs. Assuming, without deciding, that plaintiff's action was timely, it is clear from the record that she failed to prove her case by a fair preponderance of the credible evidence. Damiani, J.P., Gibbons, Gulotta and Thompson, JJ., concur.