■ George Super, Respondent, v Mohamad I. Abdelazim, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the Supreme Court (Smyk, J.), entered February 5, 1987 in Broome County, upon a verdict rendered in favor of plaintiff.

Over a period of years, plaintiff, a disabled maintenance worker, and defendant, a cardiologist, who were friends and neighbors, discussed defendant's plan to build a medical center. Acting upon plaintiff's initiative, defendant purchased an abandoned school building to convert into a medical facility. Because he was retired, had supervised construction of his home and two apartment buildings, and had other relevant experience, plaintiff agreed to oversee the gutting and renovation of the old school building, which he did for 18 months, by which time the facility was nearly completed. At that point, in May 1979, the two men had a falling out involving, among other things, plaintiff's use of medical center laborers at his apartments at defendant's expense. Upon being fired, plaintiff demanded to be paid for his work in accordance with an oral agreement that he maintains he and defendant entered into at the inception of the project. Defendant refused, claiming that plaintiff volunteered to do the work. A short time later defendant told plaintiff to remove his travel trailer, which plaintiff had been using as an office while overseeing part of the construction, from the medical center parking lot. When a second request made the following day proved unfruitful, defendant had the trailer towed to a nearby service station and wrote plaintiff advising of the action he had taken. When plaintiff went to the service station the travel trailer was not there; neither party knows of its whereabouts.

Plaintiff then brought this suit sounding in breach of contract, unjust enrichment or quantum meruit, and for conversion of the travel trailer. In response to a series of written questions by Supreme Court, the jury found there was no express oral contract between the parties that plaintiff would be compensated for his services, but awarded him $80,000, plus interest on the basis of an implied contract. It also awarded plaintiff $1,500 compensatory damages and $10,000 punitive damages for conversion of the travel trailer. Defendant appeals.

First, defendant urges that Supreme Court improperly instructed the jury on the issue of implied contract and also erred in the manner in which the question to the jury bearing on this issue was framed. Defendant asserts that instead of reading "Should an agreement to compensate the plaintiff, George Super, for his services be implied under the circumstances in which the services were offered and performed?", the third question should have read "Was there an implied contract between the parties?" Defendant also objects to the use of the phrase "should be implied" in the court's charge corresponding to this interrogatory.

There is a distinction between a contract implied in fact (see, 22 NY Jur 2d, Contracts, § 446, at 375), which defendant's proposed interrogatory contemplates, and one implied in law. The latter, which was pleaded and proven here, presupposes unjust enrichment. Under this theory a contract is implied by law where none in fact exists to prevent the unjust enrichment of one party and to render as much as deserved (quantum meruit) to the other party in the interest of equity (see, Haebler v Myers, 132 NY 363, 369; 22 NY Jur 2d, Contracts, § 511, at 478-479). Considered in this light, Supreme Court's choice of the equity-implying auxiliary verb "should" was eminently correct. Furthermore, the court instructed the jury twice on the nuances of quasi contract as applied to the provision of services, namely, that the remedy does not arise unilaterally upon the furnishing of services and is not available when the services were offered at no charge; there must be an inferable expectation by both parties that plaintiff would be paid for his services (see, Aluminum Fair v Abdella, 90 AD2d 603, lv denied 58 NY2d 606).

Nor do we find merit in defendant's contentions that Supreme Court unduly restricted defendant's examination of his expert witness and that the court questioned the expert in a prejudicial fashion. In rebuttal to plaintiff's expert, who described plaintiff's work as that of a superintendent and project

manager which at the time of the construction earned about $55,000 per year, defendant produced an expert who depicted plaintiff's duties as being that of a clerk of the works which at the time earned $5 to $6 per hour. Supreme Court did not permit the expert to characterize plaintiff's over-all job role or the value thereof for lack of an adequate foundation.

Although an expert need not specify the data upon which his opinion is predicated prior to giving his opinion, this does not prevent a court from first satisfying itself that the proffered expert has a basis upon which to state the called-for opinion (CPLR 4515; *see generally,* Richardson, Evidence § 369, at 345 [Prince 10th ed], at 155-156 [1972-1985 Supp Pamph]). Here Supreme Court was obviously concerned that the expert's expressed personal knowledge was so limited temporally —based as it was on observation of plaintiff's activities made during the expert's 15 to 20 visits to the construction site, all of which occurred during the early months of the project— that any opinion formulated on those observations would be too speculative to be admissible *(see, Matter of Aetna Cas. & Sur. Co. v Barile,* 86 AD2d 362, 364). Although a hypothetical question may well have alleviated the problem, defendant apparently elected not to avail himself of this technique.

As for the 7 questions Supreme Court put to defendant's expert, which defendant maintains unwittingly suggested that the court regarded plaintiff as a building superintendent rather than a clerk of the works, those questions appear to have been asked for clarification purposes. Furthermore, the material they covered undoubtedly would have been developed on cross-examination by opposing counsel. In any event, if any prejudice did occur, it was not "of such moment as to have affected the result" *(Bumstead v Sweeney,* 24 AD2d 674). It is also not without significance that the court in its charge underscored the fact that whether plaintiff was entitled to a verdict on any theory was entirely up to the jury.

Finally, we do find merit in defendant's assertion that the punitive damage award was inappropriate. While the record discloses that defendant may have acted negligently in removing the travel trailer from his property, the evidence falls far short of proving that in doing so he was motivated by malice, recklessness or a wanton disregard of plaintiff's rights *(see, Ashare v Mirkin, Barre, Saltzstein & Gordon,* 106 Misc 2d 866, 869, *mod* 81 AD2d 650, *affd* 54 NY2d 891).

Judgment modified, on the law, without costs, by reversing so much thereof as awarded plaintiff punitive damages in the

sum of $10,000, together with costs and disbursements thereon, and, as so modified, affirmed. Mahoney, P. J., Weiss, Yesawich, Jr., Harvey and Mercure, JJ., concur.