■ In the Matter of the Estate of EDWARD Z. ARGERSINGER, Deceased. RAYMOND E. ARGERSINGER, as Administrator of the Estate of EDWARD Z. ARGERSINGER, Deceased, Respondent; LULU ASHDOWN, Appellant.—Casey, J. Appeal from a judgment of the Surrogate's Court of Saratoga County (Simone, Jr., S.), entered September 22, 1989, which dismissed an objection to petitioner's accounting of decedent's estate.

Respondent, a friend of decedent, filed an objection to petitioner's accounting of decedent's estate. Respondent claims that she is entitled to be paid for health care, lodging and transportation which she provided for decedent after he suffered a stroke in April 1987. Surrogate's Court held a hearing on respondent's claim and, based upon the facts adduced at

the hearing, found that neither an express nor implied contract for the payment of the services rendered by respondent existed. Respondent concedes on appeal that there was no express contract, but claims entitlement to compensation on the basis of implied contract and unjust enrichment.

"A contract implied in fact may result as an inference from the facts and circumstances of the case, although not formally stated in words * * * and is derived from the 'presumed' intention of the parties as indicated by their conduct" *(Jemzura v Jemzura,* 36 NY2d 496, 503-504). "[I]n order to infer the existence of a contract from the actions of the parties it must appear that they actually intended to form a contract" *(European Am. Bank v Cain,* 79 AD2d 158, 163), and "the burden of proving the existence, terms and validity of a contract rests on the party seeking to enforce it" *(Paz v Singer Co.,* 151 AD2d 234, 235). A review of the record in light of these principles reveals the lack of any evidence from which it can be inferred that the parties intended to form a contract. Respondent and decedent had been close friends for a number of years prior to decedent's stroke. There is evidence that after decedent moved in with respondent following his stroke, respondent deposited decedent's checks for him and periodically withheld some money, which she used to purchase decedent's food and medical supplies. There is, however, no evidence that respondent ever received or sought any compensation for her services during decedent's lifetime, or that decedent intended to pay for those services. Thus, there was no contract implied in fact.

"[A] contract is implied by law where none in fact exists to prevent the unjust enrichment of one party and to render as much as deserved (quantum meruit) to the other party in the interest of equity * * *. [T]he remedy does not arise unilaterally upon the furnishing of services and is not available when the services were offered at no charge; there must be an inferable expectation by both parties that [respondent] would be paid for [the] services" *(Super v Abdelazim,* 139 AD2d 863, 864). We are of the view that the facts herein do not give rise to a contract implied in law. Although there is evidence that the parties expected decedent to pay for food and medical supplies, there is no evidence of any expectation that respondent's services would be compensated. Nor do we find that decedent was unjustly enriched by respondent's generosity.

The claim was properly dismissed and, therefore, the judgment should be affirmed.

Judgment affirmed, without costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.