■ KAY F. COSTELLO, Appellant, v GRAND CENTRAL PLAZA, INC., et al., Respondents. (And a Third-Party Action.) [701 NYS2d 485] —Carpinello, J. Appeal from an order of the Supreme Court (Ellison, J.), entered July 9, 1998 in Chemung County, which, *inter alia*, granted defendants' motions for summary judgment dismissing the complaint.

This action arises out of a May 9, 1992 slip-and-fall accident in the K-Mart store parking lot at the Grand Central Plaza in the Village of Horseheads, Chemung County. Specifically, plaintiff claims that she was walking across the parking lot after exiting the store when she slipped on a patch of cherry-sized stones. At the time of the accident, defendant K-Mart Corporation was engaged in the construction of an addition to its store and improvements to the parking lot.

At an examination before trial, plaintiff testified that she was aware of the construction activity at the plaza when she entered the store, including the loose gravel on the ground, yet had no difficulty traversing the lot. Moreover, the weather was clear and dry. When she exited the store approximately 30 minutes later, she followed essentially the same route as when she entered and again observed the loose gravel in the parking lot. As she approached her car, she slipped and fell on some of the loose gravel, injuring her left arm and shoulder. Significantly, plaintiff also testified that she could have avoided the gravel.

In response to motions for summary judgment by each defendant, as well as each third-party defendant, Supreme Court dismissed the complaint finding the condition of which plaintiff complained to be "open, obvious and readily observable". Plaintiff appeals. We now affirm.

It is well-settled law that an owner or occupier of property open to the public owes a duty to maintain it in a reasonably safe condition to prevent foreseeable injuries (*see, Basso v Miller*, 40 NY2d 233, 241). "This duty, however, extends only to conditions that are not readily observable [citations omitted]" (*Gransbury v K Mart Corp.*, 229 AD2d 891, 892). Based upon plaintiff's admissions that she observed the condition of the parking lot upon entering and exiting the store and could have avoided the gravel but instead chose to walk over it, we conclude that Supreme Court did not err in finding that the gravel was a readily observable condition and appropriately dismissed the complaint on this ground (*see, Hopson v Turf House*, 252 AD2d 796, 797).

Finally, Supreme Court's unnecessary additional finding that defendants had no notice of any dangerous or defective condition is not inherently inconsistent with its earlier finding of a readily observable condition *by plaintiff* and therefore is no occasion for reversal.

Mercure, J. P., Crew III, Spain and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.