■ JOAN O'LEARY et al., Respondents, v SAUGERTIES CENTRAL SCHOOL DISTRICT et al., Appellants, et al., Defendant. [716 NYS2d 424] —Rose, J. Appeal from an order of the Supreme Court (Kavanagh, J.), entered December 6, 1999 in Ulster County, which denied a motion by defendant Saugerties Central School District for summary judgment dismissing the complaint against it.

Plaintiffs brought this action to recover for injuries sustained by plaintiff Joan O'Leary (hereinafter plaintiff) when she tripped and fell over a continuous concrete curb divider running down the center of the parking lot at Saugerties High School in the Town of Saugerties, Ulster County. The curb was used as a wheel stop for cars parked in the lot. Although plaintiff had stepped over it on her way into the building at 7:30 P.M. on a May evening, she tripped over it and fell as she passed between parked cars while returning to her car at 9:30 P.M. Defendant Saugerties Central School District (hereinafter defendant) moved for summary judgment arguing that it had no duty to correct or warn of the presence of the wheel stop because it had been painted white within the year, it was plainly visible, plaintiff had successfully crossed it earlier that evening and there were lights illuminating the parking lot. Plaintiff's opposing affidavit included her statements that the wheel stop "could not be seen because it was completely undetectable by cars parked bumper-to-bumper," that "I had been careful to not hit the protruding mirrors of cars as I walked between them, but I certainly was looking where I was going," and that "[t]he white paint of the wheel stop was badly worn off and deteriorated." Plaintiffs also submitted an expert affidavit regarding the insufficiency of the parking lot lighting. Supreme Court denied the motion, finding that plaintiffs had

raised an issue of fact as to whether the wheel stop had been readily observable by the reasonable use of one's senses. Defendant now appeals.

While landowners, such as defendant, who hold their property open to the public have a duty to warn of hazardous conditions or take precautions to prevent foreseeable injuries (*see, Hopson v Turf House*, 252 AD2d 796, 797), there is no duty to prevent or warn of conditions which are readily observable (*see, Costello v Grand Cent. Plaza*, 268 AD2d 722, 723; *Hopson v Turf House, supra*, at 797).

Here, defendant supported its motion by submitting plaintiff's deposition testimony that she had previously crossed the wheel stop that evening and on other occasions, that she was not watching the ground at the time of her fall, that as she walked, she had her arms crossed in front of her to avoid touching the parked cars on either side and that she could not recall any difficulty in seeing the ground surface ahead of her. This evidence was sufficient to meet defendant's burden of proof and shifted the burden to plaintiffs to raise a triable issue of fact (*see, Zuckerman v City of New York*, 49 NY2d 557, 562; *Iwaszkiewicz v Callanan Indus.*, 258 AD2d 776, 777).

Although it is clear that a plaintiff cannot create an issue of fact by submitting a self-serving affidavit that contradicts prior sworn testimony (*see, Ferber v Farm Family Cas. Ins. Co.*, 272 AD2d 747, 749; *cf., Ramee v Weathervane Seafoods*, 273 AD2d 768, 769), we cannot agree that plaintiffs here failed to raise an issue of fact as to whether the hazard presented by the wheel stop was readily observable at the time of plaintiff's fall. Plaintiff's earlier testimony that she could not recall specifically where she was looking as she walked or whether she had any difficulty in observing the ground are not inherently inconsistent with her more recent averments that the wheel stop was obscured by the parked cars, that its paint was worn and that she was looking where she was going. Significantly, plaintiff made no affirmative statements in her deposition that were then directly controverted in her affidavit (*cf., Ferber v Farm Family Cas. Ins. Co., supra*, at 749). In addition, plaintiff's expert characterized the parking lot lighting as below accepted standards and her husband described it as "inefficient." These assertions concerning the visibility of the wheel stop under the conditions existing at the time of plaintiff's fall are sufficient to raise an issue of fact. Thus, Supreme Court did not err in denying defendant's motion.

Mercure, J. P., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.