Donna Winney, Respondent, v County of Saratoga, Appellant. [779 NYS2d 605]—

Kane, J. Appeal from an order of the Supreme Court (Nolan, Jr., J.), entered April 7, 2003 in Saratoga County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff was injured in 1992 when her vehicle ran off County Route 7 and slid down an embankment. Defendant is responsible for maintaining County Route 7. Concrete guideposts were originally installed at the location of the accident, which, at some point in the early 1980s, defendant removed and replaced with delineators, rectangular reflective signs mounted on sign posts. Beginning the month before the accident, defendant conducted a formal guide rail study of all county roads. The portion of the study concerning the accident site was conducted five days before the accident, resulting in a recommendation that guide rails were desirable in that area, but that they were a low priority.

Plaintiff commenced this action alleging, among other things,

that defendant negligently designed, constructed and maintained County Route 7. After some unrelated applications (252 AD2d 882 [1998]), defendant moved for summary judgment dismissing the complaint based on qualified governmental immunity. Supreme Court denied the motion, prompting defendant's appeal.

We affirm. Municipalities have a duty to maintain roads in a reasonably safe condition (*see Friedman v State of New York*, 67 NY2d 271, 283 [1986]). A municipality is "accorded a qualified immunity from liability arising out of a highway planning decision" (*id.* at 283), but "may be held liable when its study of a traffic condition is plainly inadequate or there is no reasonable basis for its traffic plan" (*id.* at 284; *see Weiss v Fote*, 7 NY2d 579, 589 [1960]).

Defendant failed to prove that its decisions regarding removal of guideposts and placement of delineators "were the product of a reasoned plan or study" (*Merchant v Town of Halfmoon*, 194 AD2d 1031, 1033 [1993]). While the affidavits of defendant's employees noted some reasons why delineators may be preferable to concrete guideposts under certain conditions, the record fails to provide any proof that those reasons were considered in the 1980s before the guideposts were removed and replaced by delineators. The record contains no proof of when that decision was made, the basis for that decision, or if any prior study was conducted, let alone an adequate study.

The affidavit of plaintiff's expert raises issues of fact as to the purpose of guideposts contrary to the averments of defendant's experts. Unlike *Bova v County of Saratoga* (258 AD2d 748 [1999]), plaintiff's expert established his qualifications by attaching a curriculum vitae and, unlike defendant's experts, supported his opinions that guideposts in part function to prevent vehicles from leaving the roadway by reference to an authoritative publication. Under the circumstances, there are questions of fact as to whether defendant is entitled to qualified immunity, requiring affirmance of Supreme Court's order.

We have reviewed defendant's remaining contentions and find them unpersuasive.

Cardona, P.J., Mercure and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.