■ BARBARA MORREALE, Respondent, v 105 PAGE HOMEOWNERS ASSOCIATION, INC., et al., Defendants, PERILLO CHIROPRACTIC, LLP, Respondent-Appellant, and JOSEPH FALLACARO et al., Appellants-Respondents. [913 NYS2d 236]—

In an action to recover damages for personal injuries, the defendants Joseph Fallacaro and Nancy Fallacaro appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated May 11, 2009, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and the defendant Perillo Chiropractic, LLP, cross-appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed, with one bill of costs to the plaintiff, payable by the appellants-respondents and the respondent-appellant appearing separately and filing separate briefs.

The plaintiff alleges that on the evening of December 10, 2004, she tripped and fell over a concrete wheel stop in a parking lot on property owned by the defendants Joseph Fallacaro and Nancy Fallacaro (hereinafter together the owners) and leased to the defendant Perillo Chiropractic, LLP (hereinafter

the tenant and, collectively with the owners, the defendants). The plaintiff commenced this action against the defendants, among others, alleging, inter alia, that they were negligent in failing to properly illuminate the area of the parking lot in which she fell. Following joinder of issue and discovery, the owners moved and the tenant cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them. The Supreme Court denied the motion and the cross motion, concluding that there were triable issues of fact as to whether the defendants had actual or constructive notice of the lighting conditions in the parking lot. The owners appeal and the tenant cross-appeals. We affirm.

The defendants met their initial burden of establishing that they did not create or have actual or constructive notice of the allegedly inadequate lighting in the area of the parking lot where the accident occurred for a sufficient length of time to remedy it (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]; *Villano v Strathmore Terrace Homeowners Assn., Inc.*, 76 AD3d 1061 [2010]; *Gradwohl v Stop & Shop Supermarket Co., LLC*, 70 AD3d 634, 636 [2010]). In opposition, the plaintiff raised a triable issue of fact as to whether the defendants either created or had notice of the alleged inadequate lighting condition, relying on, inter alia, an affidavit of Joseph Fallacaro and deposition testimony of the tenant's principal, which the defendants had submitted in support of their respective motion and cross motion, and a photograph taken shortly after the accident, which she submitted in opposition to the motion and cross motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *cf. Solan v Great Neck Union Free School Dist.*, 43 AD3d 1035, 1037 [2007]).

Moreover, the defendants failed to establish, prima facie, that if the lighting in the area of the parking lot where the accident occurred were indeed inadequate, and they either created the condition or had notice of it, such negligence was not the proximate cause of the accident (*see Swerdlow v WSK Props. Corp.*, 5 AD3d 587, 588 [2004]). Since the defendants failed to meet their prima facie burden on the issue of proximate cause, we need not consider whether, in opposition, the plaintiff raised a triable issue of fact (*see Alexandre v Dweck*, 44 AD3d 597 [2007]; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]).

Accordingly, the Supreme Court properly denied the owners' motion and the tenant's cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them. Prudenti, P.J., Covello, Florio and Belen, JJ., concur.