Spain, J.
Appeal from an order of the Supreme Court (R. Sise, J.), entered April 2, 2012 in Saratoga County, which denied defendant’s motion for summary judgment dismissing the complaint.
*1294 In November 2007, defendant, the driver of a dump truck with a trailer, was proceeding southbound around a sharp curve on a two-lane road, in the Town of Florida, Montgomery County, when he encountered a northbound car in which Corey Martin was a passenger. As it came around the curve, the car came into contact with a third vehicle, a tractor trailer that was traveling south behind defendant’s dump truck. The front of the car struck the driver’s side front corner of the tractor trailer, which caused extensive damage to both vehicles and severe injuries to all occupants of both vehicles. The driver of the car died at the scene and Martin, due to the severity of her injuries, does not have any memory of the collision or the events immediately preceding it. Subsequently, plaintiff, in her capacity as Martin’s guardian ad litem, commenced this negligence action against defendant asserting, among other things, that defendant failed to operate his dump truck in its proper lane of travel. Defendant denied the allegations of the complaint, asserted multiple affirmative defenses, and—before discovery had been completed—moved to dismiss the complaint pursuant to CPLR 3211. Supreme Court, treating the motion as one for summary judgment, denied the motion and defendant now appeals. We affirm.
We are not persuaded by defendant’s contention that Supreme Court erred in considering an affidavit of Stephanie Ippoliti, a passenger in the car at the time of the collision, on the ground that her affidavit, made in response to defendant’s motion, contradicts her initial statement made to police nine days after the accident. In support of his motion, defendant submitted, among other things, his own affidavit, the police accident report and the accident reconstruction report. In his affidavit, defendant attested that he “at no time . . . ever cross[ed] over the center yellow line . . . [and] remained in [his] lane of travel the entire time.” Additionally, defendant stated that the driver of the car had already lost control as it approached his truck, that it was “traveling in excess of 55 miles per hour and was sideways when [he] first saw it, the front remaining in its proper lane of travel, but the rear end sliding in [his] lane of travel.” Further, the reconstruction report concludes that defendant’s truck was not improperly in the lane of travel of the oncoming car.
As defendant met his initial burden as movant by presenting evidence demonstrating that he played no part in causing the accident, the burden shifted to plaintiff to produce evidence demonstrating that defendant acted negligently in order to raise a material issue of fact to preclude Supreme Court from granting defendant summary judgment (see CPLR 3212 [b]; Berg *1295 strom v McChesney, 92 AD3d 1125, 1126 [2012]). In opposition to defendant’s motion, plaintiff submitted the affidavit of Ippoliti, who is a plaintiff in a related action against defendant. Ippoliti stated that she remembered seeing part of defendant’s dump truck and trailer cross over the double yellow line and into the car’s lane of travel. However, in an earlier sworn statement given nine days after the accident, when questioned by police, Ippoliti stated that she “remember [ed] looking up . . . [and] saw a truck in the middle of the road . . . [and then] remember[ed] the car hitting the truck.” Defendant argues that Ippoliti’s affidavit in opposition to his motion impermissibly contradicted her earlier statement to police, relying on the principle that “[a]ffidavit testimony that is obviously prepared in support of ongoing litigation that directly contradicts deposition testimony previously given by the same witness, without any explanation accounting for the disparity, ‘creates only a feigned issue of fact, and is insufficient to defeat a properly supported motion for summary judgment’ ” (Telfeyan v City of New York, 40 AD3d 372, 373 [2007], quoting Harty v Lenci, 294 AD2d 296, 298 [2002]; see O’Leary v Saugerties Cent. School Dist., 277 AD2d 662, 663 [2000]; see also Nai Ren Jiang v Shane Yeh, 95 AD3d 970, 972 [2012]; Dermody v Tilton, 85 AD3d 1682, 1683 [2011]).
Although defendant argues that the statements made in Ippoliti’s affidavit contradict her earlier statement to the police, a review of her statement to police and affidavit reveals that they are not inherently inconsistent (see O’Leary v Saugerties Cent. School Dist., 277 AD2d at 663; compare Kokin v Key Food Supermarket, Inc., 90 AD3d 850, 851 [2011]; Telfeyan v City of New York, 40 AD3d at 373; Harty v Lenci, 294 AD2d at 298). Viewing the evidence most favorably to plaintiff, as the nonmovant (see Rought v Price Chopper Operating Co., Inc., 73 AD3d 1414, 1414-1415 [2010]), we find that the unspecific language of her initial statement to the police did not unambiguously exculpate defendant from all responsibility for the accident or indicate to which truck—defendant’s or the tractor trailer—she was referring. In our view, Supreme Court properly concluded that Ippoliti’s subsequent affidavit placing defendant’s dump truck in the car’s oncoming lane was a “more specific statement” than her previous statement to police and, as such, did not err in considering that affidavit (see Jahangir v Logan Bus Co., Inc., 89 AD3d 1064, 1064-1065 [2011]).
We agree with defendant that Supreme Court improperly considered the conclusion of plaintiffs expert—that Ippoliti’s initial vague statement to police regarding the events leading *1296 up to the accident was likely a result of confusion due to the stress and trauma she experienced in the accident—as that opinion regarding Ippoliti’s mental state at the time she gave her statement to the police was clearly beyond his expertise in accident reconstruction. However, disregarding that opinion, plaintiff nevertheless demonstrated, through Ippoliti’s affidavit, that a question of fact exists as to defendant’s involvement, if any, in the accident and, as such, the court properly denied defendant’s motion for summary judgment (see CPLR 3212 [b]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; Bergstrom v McChesney, 92 AD3d at 1126).
Mercure, J.E, Stein and McCarthy, JJ., concur.
Ordered that the order is affirmed, without costs.