*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 16, 2014            517969
_____

STATE FARM FIRE & CASUALTY
    COMPANY, as Subrogee of
    KRISTINA KAPUR DDS et al.,
    Doing Business as FALL
    CREEK FAMILY DENTISTRY,                MEMORANDUM AND ORDER
                        Appellant,
        v

CITY OF ITHACA,
                    Respondent.
_____


Calendar Date:   September 9, 2014

Before:  Lahtinen, J.P., Rose, Egan Jr., Lynch and Clark, JJ.

                    _____


        Austin A. Duvernoy, Ithaca, for appellant.

        Lippman O'Connor, Buffalo (Gerard E. O'Connor of counsel),
for respondent.


                    _____


Rose, J.

        Appeal from an order of the Supreme Court (Mulvey, J.),
entered September 4, 2013 in Tompkins County, which, among other
things, granted defendant's motion for summary judgment
dismissing the complaint.

        Plaintiff commenced this subrogation action to recover for
property damage caused when a water meter ruptured in the
basement of its subrogors' dental office allegedly due to
defendant's negligent operation of its water system.  After
joinder of issue and discovery, the parties each moved for
summary judgment.  Supreme Court granted defendant's motion,

finding that it did not have a duty to inspect the water meter. Plaintiff appeals, arguing that it does not rely on any duty to inspect and that, rather, there is a question of fact as to whether an affirmative act of negligence by defendant caused the water meter to rupture. We agree with plaintiff.

In support of its motion, defendant submitted an affidavit from a water department engineer, who opined that the rupture was caused by sudden pressure, described as a water hammer, originating from inside the subrogors' premises. In opposition, plaintiff's expert opined that the fracture was caused by a water hammer originating outside the premises when a valve within defendant's water system was opened too quickly. Plaintiff's expert based his opinion, in part, on the existence of a backflow preventer inside the premises and downstream of the meter, which he claimed would have prevented pressure from originating inside the premises and causing the fracture. Plaintiff's subrogors both claimed that their water service had been interrupted prior to the rupture, and one of them attributed the interruption to work being performed on the streets in the neighborhood.[1]

Defendant's argument that there is no evidence that the backflow preventer was working properly at the time of the accident goes to the weight of plaintiff's expert evidence and does not render it insufficient to raise an issue of fact (see Hyatt v Price Chopper Operating Co., Inc., 90 AD3d 1218, 1220 [2011]; Madden v Town of Greene, 64 AD3d 1117, 1121 [2009]). Moreover, although defendant submitted evidence regarding the lack of any work performed by its water department or any similar complaints in the area during the time period in question, it did not address whether service to the subrogors' premises had been interrupted as a result of road work being performed in the area. Given the competing evidence as to the cause of the ruptured

---

[1]  We do not view these claims as directly contradicting the prior testimony of one of the subrogors so as to be considered as an attempt to create a feigned issue of fact (see Sutin v Pawlus, 105 AD3d 1293, 1295 [2013]; Sullivan v Schindler El. Corp., 94 AD3d 1207, 1208-1209 [2012]; O'Leary v Saugerties Cent. School Dist., 277 AD2d 662, 663 [2000]).

water meter and viewing the evidence in a light most favorable to plaintiff, issues of fact exist warranting denial of defendant's motion for summary judgment (see McGrath v George Weston Bakeries, Inc., 117 AD3d 1303, 1305 [2014]; Longtemps v Oliva, 110 AD3d 1316, 1318 [2013]; Sutherland v Thering Sales & Serv., Inc., 38 AD3d 967, 968 [2007]).[2]

Lahtinen, J.P., Egan Jr., Lynch and Clark, JJ., concur.

ORDERED that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as granted defendant's motion for summary judgment; motion denied; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court

---

[2]  In light of these issues, plaintiff's contention that the doctrine of res ipsa loquitor entitles it to summary judgment in its favor is misplaced (see Morejon v Rais Constr. Co., 7 NY3d 203, 212 [2006]).