McCarthy, J.P.
Appeal from an order of the Supreme Court (Platkin, J.), entered April 22, 2013 in Albany County, which granted a motion by defendant Afrim Sports, Inc. for summary judgment dismissing the complaint against it.
Plaintiff was injured when she fell descending a curb after exiting a facility operated by defendant Afrim Sports, Inc. (hereinafter defendant).* Plaintiff commenced this negligence action alleging that defendants failed to maintain the property in a reasonably safe condition. After filing the note of issue, defendant moved for summary judgment dismissing the complaint against it. Supreme Court granted the motion. Plaintiff appeals.
Defendant failed to establish its entitlement to summary judgment as a matter of law. Defendant’s general manager averred that no one had complained of any defects concerning the curb, *1197 sidewalk or canopy and no accidents had occurred in that area in at least the prior 10 years. He also averred that the curb was painted yellow approximately nine months before the accident. Defendant submitted photographs taken by plaintiffs relative shortly after the incident showing that the six-inch curb was painted yellow. Several of the photographs show that, despite the paint being worn, the yellow is still visible, which could make the curb open and obvious and not inherently dangerous (see Philips v Paco Lafayette LLC, 106 AD3d 631, 632 [2013]). However, none of the photographs were taken from plaintiffs perspective or vantage point at the time that she was exiting the building and approaching the curb. The visibility of the curb from other directions is only minimally relevant.
Defendant also submitted plaintiffs deposition testimony where she stated that she never noticed a curb when she entered the building through the same door but approached from a different side, did not notice that the other people in front of her stepped down and she was looking ahead of her when she fell. It is unclear whether she lowered her eyes to look down when she was looking ahead or, if she had, whether she would have been able to see the curb due to several other people leaving the building and being in front of her at that time (compare Franchini v American Legion Post, 107 AD3d 432, 432 [2013]; Langer v 116 Lexington Ave., Inc., 92 AD3d 597, 599-600 [2012], lv denied 24 NY3d 907 [2014]). She also testified that the awning over the curb created “a shade tunnel” of darkness that, when contrasted to the bright sunshine, made it difficult to see anything under that awning. This evidence created questions of fact as to whether the condition of the curb was open and obvious.
Defendant also submitted the affidavit of an alleged expert engineer who opined that the sidewalk and curb complied with all state and local building and fire codes and the sidewalk was in a good state of repair. A precondition to the admissibility of expert testimony is that the proposed expert is “possessed of the requisite skill, training, education, knowledge or experience from which it can be assumed that the information imparted or the opinion rendered is reliable” (Matott v Ward, 48 NY2d 455, 459 [1979]; see Hofmann v Toys “R” Us, NY Ltd. Partnership, 272 AD2d 296, 296 [2000]). Defendant’s proffered expert affidavit does not include the information necessary to permit a court to reach such a determination. In his affidavit, defendant’s proffered expert listed the initials “EE.” after his name, stated that he is a principal in a specific engineering firm, and stated his opinion based on his inspection, review of codes and his “expe *1198 rience as an engineer.” While the “EE.” would indicate that he is licensed as a professional engineer (see Education Law § 7202), the expert did not explicitly state whether he is licensed in any particular state. He also did not mention anything about his education, what type of engineer he is (e.g., mechanical, chemical, electrical), or any experience he may have that would be relevant to the design and maintenance of curbs and sidewalks. Nor did he attach a curriculum vitae that presumably would have included some or all of that information (see Bova v County of Saratoga, 258 AD2d 748, 750 [1999]; compare Winney v County of Saratoga, 8 AD3d 944, 945 [2004]).
Even assuming from the “EE.” designation that this person is licensed as a professional engineer somewhere, merely stating that a person is a licensed engineer is insufficient to qualify that person as an expert in a particular case, absent any proof that he or she had any specialized training, personal knowledge or practical experience related to the subject at issue (see Stever v HSBC Bank USA, N.A., 82 AD3d 1680, 1681 [2011], lv denied 17 NY3d 705 [2011]; O’Boy v Motor Coach Indus., Inc., 39 AD3d 512, 514 [2007]; Hofmann v Toys “R” Us, NY Ltd. Partnership, 272 AD2d at 296). Thus, Supreme Court should not have relied on defendant’s expert affidavit, as it failed to establish that the affiant was qualified to render an expert opinion on the maintenance and construction of curbs and walkways (see Dalder v Incorporated Vil. of Rockville Ctr., 116 AD3d 908, 910 [2014], lv denied 23 NY3d 908 [2014]; compare Blandin v Marathon Equip. Co., 9 AD3d 574, 575 [2004]). Without any expert opinion, and considering the inconclusive nature of the photographs and plaintiff’s deposition testimony, defendant failed to meet its burden of establishing a prima facie entitlement to summary judgment (see Winney v County of Saratoga, 8 AD3d at 945). Accordingly, regardless of plaintiffs responsive papers, the motion should have been denied.
Egan Jr., Lynch, Devine and Clark, JJ., concur.
Ordered that the order is reversed, on the law, with costs, and motion denied.

 Defendant 2461 Elm Realty Corporation, the owner of the property, has not appeared in this action.