Greblewski v Strong Health MCO, LLC (2018 NY Slip Op 03405)





Greblewski v Strong Health MCO, LLC


2018 NY Slip Op 03405


Decided on May 10, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 10, 2018

525155

[*1]MARY ANN GREBLEWSKI, Respondent- Appellant,
v
STRONG HEALTH MCO, LLC, et al., Appellants- Respondents.

Calendar Date: March 26, 2018

Before: McCarthy, J.P., Devine, Mulvey, Aarons and Pritzker, JJ.


The Wolford Law Firm, LLP, Rochester (James S. Wolford of counsel), for appellants-respondents.
Ziff Law Firm, LLP, Elmira (Christina B. Sonsire of counsel), for respondent-appellant.


Aarons, J.

MEMORANDUM AND ORDER
(1) Appeal from an order of the Supreme Court (O'Shea, J.), entered September 12, 2016 in Chemung County, which, among other things, denied defendants' motion for summary judgment dismissing the complaint, and (2) cross appeal from an order of said court, entered March 29, 2017 in Chemung County, which partially granted defendants' motion to set aside the verdict.
Plaintiff commenced this negligence action after she tripped and fell over a concrete wheel stop in defendant Highland Hospital's parking garage. Following joinder of issue and discovery, defendants moved for summary judgment. In a September
2016 order, Supreme Court denied the motion. A jury trial was held and resulted in a verdict in favor of plaintiff. The jury awarded plaintiff $250,000 for past pain and suffering and $300,000 for future pain and suffering over a 10-year period. Defendants thereafter moved under CPLR 4404 (a) to set aside the verdict. In a March 2017 order, Supreme Court granted defendants' posttrial motion to the extent of reducing the award of $250,000 for past pain and suffering to $125,000 and the award of $300,000 for future pain and suffering to $100,000. Defendants appeal from the September 2016 order. Defendants also appeal and plaintiff cross-appeals from the March 2017 order.
It is well-settled that a landowner must maintain its property in a reasonably safe condition (see Basso v Miller, 40 NY2d 233, 241-242 [1976]; Rossal-Daub v Walter, 97 AD3d [*2]1006, 1007 [2012]; Alig v Parkway Parking of N.Y., Inc., 36 AD3d 980, 980 [2007]). Whether a dangerous condition exists is generally a question for the jury (see Trincere v County of Suffolk, 90 NY2d 976, 977 [1997]).
Turning first to defendants' summary judgment motion, we reject defendants' argument that Supreme Court erred in denying it given that the record discloses triable issues of fact (see Morreale v 105 Page Homeowners Assn., Inc., 78 AD3d 1026, 1027 [2010]; O'Leary v Saugerties Cent. School Dist., 277 AD2d 662, 663 [2000]). Defendants submitted evidence that they inspected the garage on a daily basis, that the wheel stop was in its proper position and was adequately illuminated and that they had not received any complaints about the wheel stop or lighting conditions in the garage. In contrast, plaintiff testified at her deposition that the accident occurred at approximately 5:45 a.m., that there was not much lighting in the garage and that the wheel stop was the same cement color as the ground. Plaintiff's husband likewise testified at his deposition that it was dark in the parking garage and that the lighting conditions therein were "[v]ery bad." Taking into consideration the poor lighting conditions, the fact that the accident occurred in the early morning and that the wheel stop was not reflective nor did it have a distinguishing color from the ground, we cannot say that defendants were entitled to summary judgment when viewing the evidence in a light most favorable to plaintiff (see Flanger v 2461 Elm Realty Corp., 123 AD3d 1196, 1197 [2014]; compare Bogaty v Bluestone Realty NY, Inc., 145 AD3d 752, 753 [2016]; Pipitone v 7-Eleven, Inc., 67 AD3d 879, 880 [2009]).
For these reasons, we also find no merit in defendants' assertion that the wheel stop was open and obvious (see Flanger v 2461 Elm Realty Corp., 123 AD3d at 1197; O'Leary v Saugerties Cent. School Dist., 277 AD2d at 663; compare Bellini v Gypsy Magic Enters., Inc., 112 AD3d 867, 868 [2013]; Gallo v Hempstead Turnpike, LLC, 97 AD3d 723, 723 [2012]). Moreover, "[t]he fact that a dangerous condition is open and obvious does not relieve [defendants] of all duty to maintain [their] premises in a reasonably safe condition" (Barley v Robert J. Wilkins, Inc., 122 AD3d 1116, 1118 [2014]; see Monge v Home Depot, 307 AD2d 501, 502 [2003]). It merely relieves defendants' duty to warn of an alleged dangerous condition (see MacDonald v City of Schenectady, 308 AD2d 125, 128-129 [2003]).
Regarding defendants' posttrial motion, defendants argue that the admission of evidence of subsequent remedial measures deprived them of a fair trial. As a general matter, proof of subsequent remedial measures is not admissible to establish that a defendant was negligent (see Caprara v Chrysler Corp., 52 NY2d 114, 122 [1981]; Ramundo v Town of Guilderland, 142 AD2d 50, 54 [1988]; Perazone v Sears, Roebuck & Co., 128 AD2d 15, 17 [1987]). When asked at trial whether the wheel stop should be colored, plaintiff's expert responded, "It should be safety yellow as it was painted in the following days." Defense counsel, however, did not object to this particular testimony and, therefore, defendants' contention regarding such testimony is unpreserved for our review (see CPLR 4017; Osborne v Schoenborn, 216 AD2d 810, 811 [1995]).
As to the other testimony given by plaintiff's expert, when asked his opinion about whether the lighting was adequate, he stated, "It wasn't adequate per the photographs. And when I was there, they added new lighting, so I couldn't tell." Under the circumstances of this case, any error in the admission of this testimony was harmless (compare McGarvin v Weller Assoc., 273 AD2d 623, 626 [2000]). We note that plaintiff's expert inspected the garage three years after plaintiff's accident and he did not specifically state at what point after plaintiff's accident the new lighting was added. Nor did plaintiff's expert indicate that the additional lighting was a consequence of or related to plaintiff's accident. Furthermore, Supreme Court instructed the jury that "[e]vidence that was offered about what the conditions were three years after the fact is not [*3]relevant to our inquiry here . . . [and] that we are interested in the conditions of the parking garage at the time of the accident." Contrary to defendants' assertion, the giving of such instruction one day after plaintiff's expert testified did not deprive defendants of a fair trial, especially when the court also gave a similar instruction in its final charge. In view of the foregoing and taking into account the testimony by other lay witnesses concerning the lighting conditions in the garage at the time of the accident and the positioning of the wheel stop, defendants were not entitled to a new trial on this ground (see Chase v OHM, LLC, 75 AD3d 1031, 1034 [2010]; Piehnik v Graff, 158 AD2d 863, 863 [1990]).
Nor do we find that Supreme Court abused its discretion in precluding defendants' expert from testifying as to his opinion about the lighting conditions in the garage (see Brown v Reinauer Transp. Cos., LLC, 67 AD3d 106, 115 [2009], lv dismissed and denied 14 NY3d 823 [2010], cert denied 564 US 1052 [2011]; Britvan v Plaza at Latham, 266 AD2d 799, 801 [1999]; compare Mason v Black & Decker [U.S.], 274 AD2d 622, 624 [2000], lv denied 95 NY2d 770 [2000]). It is undisputed that the lighting conditions in the area where plaintiff fell changed after the accident and were different at the time that defendants' expert inspected the scene. As such, any opinion testimony about the lighting "would be too speculative to be admissible" (Super v Abdelazim, 139 AD2d 863, 865 [1988]).
Defendants also argue that the jury's determination that plaintiff was not comparatively negligent was erroneous because the wheel stop was open and obvious. We disagree. Plaintiff's daughter testified that the wheel stop was in the walkway, as opposed to in the parking space, and the facility maintenance manager for Highland Hospital stated that a wheel stop should not be on the walkway because it would present a tripping hazard. Testimony was also adduced that it was dark at the time of the accident and that the wheel stop was a cement color. Plaintiff's expert likewise testified that the wheel stop was not in the proper area, its length was not in accord with industry standards and it should have been painted yellow. To the extent that witnesses employed by defendants testified to the contrary, the jury was entitled to reject such testimony. Furthermore, plaintiff testified that prior to her fall, she was walking straight, did not have a cell phone in her hand and was not distracted by anything. Given that whether a plaintiff is comparatively negligent presents a jury question (see Mannello v Town of Ulster, Post 1748, Am. Legion, 272 AD2d 804, 804-805 [2000]; Coutrier v Haraden Motorcar Corp., 237 AD2d 774, 775 [1997]), we discern no basis on this record to disturb the jury's determination ascribing 100% of the fault to defendants (see Paternoster v Drehmer, 260 AD2d 867, 869-870 [1999]; O'Neill v Mildac Props., 162 AD2d 441, 443 [1990]).
Finally, regarding the amount of damages awarded by the jury, "a court may set aside a jury award of damages when that award 'deviates materially from what would be reasonable compensation'" (Albanese v Przybylowicz, 116 AD3d 1216, 1217 [2014], quoting CPLR 5501 [c]; see Kahl v MHZ Operating Corp., 270 AD2d 623, 624 [2000]). Plaintiff, who was 80 years old at the time of the accident, sustained a four-part fracture of her proximal humerus. Conservative medical treatment was recommended for plaintiff and, due to her age, she was not a good surgical candidate. She nonetheless completed 12 weeks of physical therapy. An orthopedic surgeon testified that, in March 2016, plaintiff reached maximum medical improvement and she was able to elevate her arm to 110 degrees. Plaintiff also testified that she had difficulty with performing her daily activities following the accident and, because of the pain in her left shoulder, she slept on a recliner. In view of this evidence, we cannot say that the jury's award of $250,000 for past pain and suffering and $300,000 for future pain and suffering over a period of 10 years deviated materially from what constituted reasonable compensation (see Jones v New York Presbyt. Hosp., 158 AD3d 474, 474 [2018]; Keaney v City of New York, 63 AD3d 794, 795 [2009]). Taking into account that a court's discretionary authority to upset a jury's [*4]monetary award should be used sparingly (see Santalucia v County of Broome, 228 AD2d 895, 897 [1996]), Supreme Court erred in reducing the damages award.
McCarthy, J.P., Devine, Mulvey and Pritzker, JJ., concur.
ORDERED that the order entered September 12, 2016 is affirmed, with costs.
ORDERED that the order entered March 29, 2017 is modified, on the law, with costs to plaintiff, by reversing so much thereof as partially granted defendants' motion to set aside the verdict; motion denied in its entirety; and, as so modified, affirmed.