Beck v Archibald Enters., Ltd. (2018 NY Slip Op 03954)





Beck v Archibald Enters., Ltd.


2018 NY Slip Op 03954


Decided on June 6, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
HECTOR D. LASALLE, JJ.


2016-11874
 (Index No. 12563/11)

[*1]Mary Beck, respondent-appellant, et al., plaintiff,
v
Archibald Enterprises, Ltd., appellant-respondent.


Baxter Smith & Shapiro, P.C., Hicksville, NY (Margot L. Ludlam of counsel), for appellant-respondent.
Michael F. Perrotta, Huntington, NY, for respondent-appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), entered September 28, 2016, and the plaintiff Mary Beck cross-appeals from the same order. The order, insofar as appealed from, denied that branch of the defendant's motion which was for summary judgment dismissing the complaint. The order, insofar as cross-appealed from, granted that branch of the defendant's motion which was to extend its time to move for summary judgment.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the cross appeal is dismissed as academic, without costs or disbursements, in light of our determination on the appeal.
On July 31, 2009, the plaintiff Mary Beck (hereinafter the injured plaintiff) was walking on a walkway that led to the front entrance of a building owned by the defendant when she allegedly slipped and fell on tiles that were part of the entryway. The injured plaintiff, and her husband suing derivatively, commenced this action against the defendant, alleging negligence. After joinder of issue and the filing of the note of issue, the defendant moved to extend its time to move for summary judgment and for summary judgment dismissing the complaint on the ground that it did not create or have notice of any dangerous or defective condition concerning the subject tiles. The plaintiffs opposed the motion. The Supreme Court granted that branch of the defendant's motion which was to extend its time to move for summary judgment and, upon granting that branch of the motion, denied that branch of the motion which was for summary judgment dismissing the complaint, finding that there were triable issues of fact as to whether the defendant was on notice of the alleged defective condition. The defendant appeals from so much of the order as denied that branch of its motion which was for summary judgment dismissing the complaint, and the injured plaintiff cross-appeals from so much of the same order as granted that branch of the defendant's motion which was to extend its time to move for summary judgment.
In support of its motion, the defendant submitted evidence demonstrating, prima facie, that it did not create or have notice of any dangerous or defective condition with respect to the subject tiled area at the front entrance to its building (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Zuckerman v City of New York, 49 NY2d 557; Marricco v Best Plumbing Supply, Inc., 125 AD3d 826, 827). In opposition to this prima facie showing, however, the plaintiffs raised a triable issue of fact as to whether the defendant had notice of a dangerous or defective condition with respect to the tiled area prior to the subject accident (see Morreale v 105 Page Homeowners Assn., Inc., 78 AD3d 1026, 1027; see generally Zuckerman v City of New York, 49 NY2d at 562). Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing the complaint.
The injured plaintiff's cross appeal has been rendered academic in light of our determination on the appeal.
BALKIN, J.P., CHAMBERS, AUSTIN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court