■ MONICA BILLORDO et al., Respondents, v E.P. REALTY ASSOCIATES et al., Respondents, and INTERBORO SIGN, Appellant. [752 NYS2d 556] —In an action to recover damages for personal injuries, etc., the defendant Interboro Sign Maintenance Corp. sued herein as Interboro Sign, appeals from so much of an order of the Supreme Court, Queens County (Dye, J.), dated January 9, 2002, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The plaintiff Monica Billordo claims that she was injured when she fell to the ground after stepping in a hole located on a public sidewalk in front of premises owned by the defendant E.P. Realty Associates and occupied by the defendants Taco Bell and KFC National Management Company sued herein as Kentucky Fried Chicken (hereinafter collectively KFC). The defendant Interboro Sign & Maintenance Corp. sued herein as Interboro Sign (hereinafter Interboro), was the subcontractor retained to remove an existing canopy and install a new canopy and sign in front of the premises. The plaintiffs allege that Interboro created a dangerous condition when it performed this work by leaving an exposed hole in the sidewalk. The Supreme Court denied Interboro's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. We reverse.

Interboro established its prima facie entitlement to summary judgment by demonstrating that it did not create the hole which allegedly caused the injured plaintiff to fall. The burden then shifted to the plaintiffs to come forward with evidence sufficient to raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557). However, the plaintiffs' claims regarding Interboro's creation of the alleged defect are purely speculative. Moreover, despite the plaintiffs' contention that their expert's report raised a triable issue of fact with respect

to Interboro's alleged negligence, the opinions asserted therein were unsubstantiated and conclusory. It is well settled that "mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" to raise a triable issue of fact (*see Zuckerman v City of New York, supra* at 562). Accordingly, the assertions of the plaintiffs and their expert are insufficient to form the evidentiary basis necessary to defeat Interboro's prima facie showing of entitlement to summary judgment (*see Amatulli v Delhi Constr. Corp.,* 77 NY2d 525; *Scola v Sun Intl. N. Am.,* 279 AD2d 466; *Aghabi v Sebro,* 256 AD2d 287). Santucci, J.P., Feuerstein, Luciano and Schmidt, JJ., concur.