■ HELEN J. MURPHY, Respondent, v KISSENA DRUGS, INC., et al., Appellants. [771 NYS2d 358]—In an action to recover damages for personal injuries, the defendant Luk's Development USA,

Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Price, J.), dated November 4, 2002, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it, and the defendant Kissena Drugs, Inc., separately appeals, as limited by its brief, from so much of the same order as denied its separate motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the appeal by the defendant Kissena Drugs, Inc., is dismissed as academic; and it is further,

Ordered that the order is reversed insofar as appealed from by the defendant Luk's Development USA, Inc., on the law, with costs, that defendant's motion is granted, and the complaint and all cross claims are dismissed insofar as asserted against that defendant.

The plaintiff allegedly sustained personal injuries when she tripped and fell over a concrete wheel stop located in a parking lot owned by the defendant Luk's Development USA, Inc. (hereinafter Luk's), and in front of certain property leased by the defendant Kissena Drugs, Inc. (hereinafter Kissena). The plaintiff commenced this action against Luk's and Kissena. Thereafter, Luk's and Kissena separately moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied the motions.

At oral argument, the plaintiff's counsel represented to this court that the action had been discontinued against Kissena. Accordingly, we dismiss Kissena's appeal as academic.

Luk's made a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). The assertions of the plaintiff and her expert were insufficient to form the evidentiary basis necessary to defeat Luk's prima facie showing of entitlement to summary judgment (*see Billordo v E.P. Realty Assoc.,* 300 AD2d 523, 524 [2002]). Accordingly, Luk's motion for summary judgment should have been granted.

In light of the foregoing, we need not reach Luk's remaining contentions. Santucci, J.P., Krausman, Schmidt and Rivera, JJ., concur.