■ PATRICIA ZIMKIND et al., Appellants, v COSTCO WHOLESALE CORPORATION et al., Respondents. [785 NYS2d 108]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Kramer, J.), dated July 16, 2003, which granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On October 19, 2000, the plaintiff Patricia Zimkind was driv-

ing her car in the parking lot of a Staten Island store operated by the defendant Costco Wholesale Corporation (hereinafter Costco). The subject property was owned by the defendant Staten Island Plaza Limited Partnership and leased by it to Costco. Zimkind parked her car by backing into a parking spot, and after shopping, walked around the passenger side of the car to the trunk and loaded her purchased items. When Zimkind began to walk around the trunk to the driver's side, she tripped on a concrete wheel stop beneath the trunk of the car on the driver's side. The defendants moved, inter alia, for summary judgment dismissing the complaint. The Supreme Court granted the motion. We affirm.

The defendants made a prima facie showing that the wheel stop was open and obvious and not inherently dangerous (*Bryant v Superior Computer Outlet*, 5 AD3d 343, 344 [2004]; *Cupo v Karfunkel*, 1 AD3d 48, 52 [2003]; *Gibbons v Lido & Point Lookout Fire Dist.*, 293 AD2d 646, 647 [2002]; *Plessias v Scalia Home for Funerals*, 271 AD2d 423 [2000]). Photographs submitted by the defendants with their motion papers established that the wheel stop was visible on the driver's side of the vehicle. The burden of proof shifted to the plaintiffs who failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 326-327 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562-563 [1980]). Smith, J.P., Adams, Crane and Skelos, JJ., concur.