■ CATHERINE BELVEDERE, Appellant, v AFC CONSTRUCTION CORP. et al., Respondents, et al., Defendants. [799 NYS2d 801]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens

County (O'Donoghue, J.), dated May 28, 2004, which granted the motion of the defendants AFC Enterprises, Inc., sued herein as AFC Construction Corp. and AFC Enterprises, Inc., and 76th Avenue Realty Corp. for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly slipped and fell on "broken up gravel and loose cement," which was present on a portion of the sidewalk adjacent to property used for the storage of construction equipment by the defendant AFC Enterprises, Inc., sued herein as AFC Construction Corp. and AFC Enterprises, Inc. (hereinafter AFC). Thereafter, the plaintiff commenced this action, alleging that the defendants were responsible for the condition.

The Supreme Court properly granted the motion of the defendants AFC and 76th Avenue Realty Corp. for summary judgment dismissing the complaint insofar as asserted against them. Those defendants made a prima facie showing of their entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]) by establishing that they neither owned nor made special use of the abutting sidewalk, and that they had no connection to the condition upon which the plaintiff allegedly fell. The plaintiff's conclusory assertions that the substance which caused her fall may have emanated from the adjacent property or may have been caused by the use of the sidewalk by the moving defendants were speculative in nature and were insufficient to raise a triable issue of fact (*see Murphy v Kissena Drugs*, 4 AD3d 401 [2004]; *Billordo v E.P. Realty Assoc.*, 300 AD2d 523 [2002]). Krausman, J.P., Mastro, Rivera and Spolzino, JJ., concur.