■ RECHIDE K. CARDIA, Respondent, v WILLCHESTER HOLDINGS, LLC, Appellant, and CVS PHARMACY, Respondent. [825 NYS2d 269]—

In an action to recover damages for personal injuries, the defendant Willchester Holdings, LLC, appeals from an order of the Supreme Court, Westchester County (LaCava, J.), entered May 22, 2006, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the appellant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.

The plaintiff allegedly was injured when she tripped and fell over a concrete wheel stop in the parking lot of the defendant Willchester Holdings, LLC (hereinafter Willchester). A wheel stop or concrete parking lot divider which is clearly visible presents no unreasonable risk of harm (see *Bryant v Superior Computer Outlet*, 5 AD3d 343, 344 [2004]; *Cupo v Karfunkel*, 1 AD3d 48, 52 [2003]). Here, Willchester made a prima facie showing of

entitlement to judgment as a matter of law by presenting photographs depicting the condition of the parking lot at the time of the plaintiff's accident, which demonstrate that the wheel stop over which the plaintiff tripped and fell was not an inherently dangerous condition, and was readily observable by those employing the reasonable use of their senses (*see Zimkind v Costco Wholesale Corp.*, 12 AD3d 593 [2004]; *Bryant v Superior Computer Outlet, supra; Murphy v Kissena Drugs*, 4 AD3d 401 [2004]; *Cupo v Karfunkel*, 1 AD3d 48 [2003]; *Plessias v Scalia Home for Funerals*, 271 AD2d 423 [2000]; *O'Leary v Saugerties Cent. School Dist.*, 277 AD2d 662 [2000]). The affidavit of the plaintiff's expert was insufficient to raise an issue of fact because he offered only a generalized, conclusory opinion that the wheel stops in the parking lot violated good and accepted engineering safety practices (*see Pirie v Krasinski*, 18 AD3d 848, 850 [2005]; *Fitzgerald v Sears, Roebuck & Co.*, 17 AD3d 522 [2005]; *Murphy v Kissena Drugs, supra; Billordo v E.P. Realty Assoc.*, 300 AD2d 523, 524 [2002]). Accordingly, Willchester's motion for summary judgment should have been granted. Florio, J.P., Adams, Krausman and Rivera, JJ., concur.