In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Murphy, J.), dated August 16, 2007, as granted that branch of the motion of the defendant Brunjes Blacktop, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it, and granted that branch of the separate motion of the defendants Wilbur F. Breslin Development Corp., Franklin Plaza, LLC, and Breslin Realty Development Corp. which was for summary judgment dismissing the complaint insofar as asserted against them, and (2) a judgment of the same court entered October 11, 2007, which, upon the order, is in favor of the defendants and against them, dismissing the complaint.
Ordered that the appeal from the order is dismissed; and it is further,
Ordered that the judgment is affirmed; and it is further,
Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.
The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).
The injured plaintiff tripped and fell over a concrete wheel *521 stop in the parking lot of a shopping center. The injured plaintiff and her husband subsequently commenced this action against several parties, including the owner of the shopping center and the contractor who installed the wheel stops.
Although a landowner has a duty to maintain its premises in a reasonably safe manner (see Basso v Miller, 40 NY2d 233 [1976]), there is no duty to protect or warn against an open and obvious condition which is not inherently dangerous (see Gagliardi v Walmart Stores, Inc., 52 AD3d 777 [2008]; Sclafani v Washington Mut., 36 AD3d 682 [2007]; Cupo v Karfunkel, 1 AD3d 48 [2003]). Generally, “[a] wheel stop or concrete parking lot divider which is clearly visible presents no unreasonable risk of harm” (Cardia v Winchester Holdings, LLC, 35 AD3d 336, 336 [2006]). In support of the landowner’s motion for summary judgment, it made a prima facie showing that the wheel stop over which the plaintiff tripped was not an inherently dangerous condition, and was readily observable to those employing the reasonable use of their senses (see Albano v Pete Milano’s Discount Wines & Liqs., 43 AD3d 966, 967 [2007]; Sclafani v Washington Mut., 36 AD3d 682 [2007]; Cardia v Winchester Holdings, LLC, 35 AD3d at 337; Gaines v Shell-Mar Foods, Inc., 21 AD3d 986, 987 [2005]; Zimkind v Costco Wholesale Corp., 12 AD3d 593, 594 [2004]). In opposition to the motion, the affidavit of the plaintiffs’ expert was insufficient to raise an issue of fact as to whether the wheel stops in the parking lot violated accepted industry standards (see Miller v Kings Park Cent. School Dist., 54 AD3d 314 [2008]; Cardia v Winchester Holdings, LLC, 35 AD3d at 337; Davidson v Sachem Cent. School Dist., 300 AD2d 276, 277 [2002]).
The plaintiffs’ remaining contentions are without merit. Fisher, J.E, Miller, Dillon and Eng, JJ., concur.