■ MARY MONAGHAN, Respondent, v LAKE PARK 135 CROSS-WAYS PARK DRIVE, LLC, et al., Defendants, and DAVENA SERVICES, INC., Doing Business as DAVENA OFFICE ENVIRONMENTS, Appellant. (And a Third-Party Action.) [915 NYS2d 290]—

In an action to recover damages for personal injuries, the de-

fendant Davena Services, Inc., doing business as Davena Office Environments, appeals from an order of the Supreme Court, Suffolk County (M. Cohen, J.), dated March 30, 2010, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when she stepped on a masonite board on the lower lobby floor of the office building in which she worked. The board allegedly shifted when the plaintiff stepped on it, causing her to fall. The board was one of several boards that the defendant Davena Services, Inc., doing business as Davena Office Environments (hereinafter Davena), had placed on the floor to protect the floor as it delivered office furniture to one of the tenants of the building. According to the owner of Davena, the boards were supposed to be taped together so that they did not shift. The plaintiff alleged that none of the boards on the subject floor were taped together. Davena moved for summary judgment, contending, inter alia, that the condition of the board on the floor was open and obvious and not inherently dangerous. The motion was denied, and we affirm.

The Supreme Court properly denied Davena's motion for summary judgment dismissing the complaint insofar as asserted against it since it failed to meet its initial burden as the movant (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]). The issue of whether a dangerous condition is open and obvious is fact specific, and thus usually a question for the jury (see Ruiz v Hart Elm Corp., 44 AD3d 842 [2007]). Whether an asserted hazard is open and obvious cannot be divorced from the surrounding circumstances. A condition that is ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted (see Shah v Mercy Med. Ctr., 71 AD3d 1120 [2010]; Gradwohl v Stop & Shop Supermarket Co., LLC, 70 AD3d 634 [2010]; Mazzarelli v 54 Plus Realty Corp., 54 AD3d 1008, 1009 [2008]; Mauriello v Port Auth. of N.Y. & N.J., 8 AD3d 200 [2004]). Davena failed to establish, prima facie, that the manner in which it allegedly placed the boards on the floor was not hazardous (see generally Gradwohl v Stop & Shop Supermarket Co., LLC, 70 AD3d 634 [2010]; Ashton v Bobruitsky, 214 AD2d 630 [1995]). The fact that the presence of the unsecured board was open and obvious merely raised a triable issue of fact as to the plaintiff's comparative negligence, if any (see Cupo v Karfunkel, 1 AD3d 48 [2003]). Skelos, J.P., Dickerson, Belen and Lott, JJ., concur.