The plaintiff commenced this action to recover damages allegedly sustained when she tripped and fell over a concrete barrier that was affixed to a sidewalk and designed to prevent shopping carts from rolling beyond a certain point. The Supreme Court granted the defendants’ motion for summary judgment dismissing the complaint.
Although a landowner has a duty to maintain its premises in a reasonably safe manner (see Basso v Miller, 40 NY2d 233 [1976]), there is no duty to protect or warn against an open and obvious condition which, as a matter of law, is not inherently dangerous (see Neiderbach v 7-Eleven, Inc., 56 AD3d 632 [2008]; Cupo v Karfunkel, 1 AD 3d 48, 51 [2003]). Generally, a wheel stop which is clearly visible presents no unreasonable risk of harm and, thus, is not inherently dangerous (see Pipitone v 7-Eleven, Inc., 67 AD3d 879, 880 [2009]; Cardia v Willchester Holdings, LLC, 35 AD3d 336 [2006]; Giambruno v Wilbur F. Breslin Dev. Corp., 56 AD3d 520 [2008]). The defendants made a prima facie showing that the wheel stop over which the plaintiff tripped, which was painted yellow in contrast to the color of the sidewalk to which it was affixed, was not an inherently dangerous condition, and was readily observable to those employing the reasonable use of their senses and, thus, open and obvious (see Pipitone v 7-Eleven, Inc., 67 AD3d at 880; Giambruno v Wilbur F. Breslin Dev. Corp., 56 AD3d at 521; Albano v Pete Milano’s Discount Wines & Liqs., 43 AD3d 966, 966-967 [2007]; Sclafani v Washington Mut., 36 AD3d 682 [2007]; Cardia v Willchester Holdings, LLC, 35 AD3d at 337; *724 Zimkind v Costco Wholesale Corp., 12 AD3d 593 [2004]; Bryant v Superior Computer Outlet, 5 AD3d 343 [2004]; Simmons v Sam’s E., 293 AD2d 596 [2002]). In opposition, the plaintiff failed to raise a triable issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Accordingly, the Supreme Court properly granted the defendants’ motion for summary judgment dismissing the complaint. Angiolillo, J.P., Belen, Chambers and Austin, JJ., concur.