In an action to recover damages for personal injuries, the *991 plaintiff appeals from an order of the Supreme Court, Kings County (Bayne, J.), dated July 13, 2012, which granted the defendants’ motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
While a landowner has a duty to maintain its premises in a reasonably safe manner for its patrons (see Basso v Miller, 40 NY2d 233, 241 [1976]), there is no duty to protect or warn against an open and obvious condition which is not inherently dangerous (see Gallub v Popei’s Clam Bar, Ltd., of Deer Park, 98 AD3d 559, 560 [2012]; Cupo v Karfunkel, 1 AD3d 48, 53 [2003]). Generally “[a] wheel stop or concrete parking lot divider which is clearly visible presents no unreasonable risk of harm” (Cardia v Willchester Holdings, LLC, 35 AD3d 336, 336 [2006]; see Gallub v Popei’s Clam Bar, Ltd., of Deer Park, 98 AD3d at 560; Pipitone v 7-Eleven, Inc., 67 AD3d 879, 880 [2009]; Giambruno v Wilbur F. Breslin Dev. Corp., 56 AD3d 520, 521 [2008]; Plessias v Scalia Home for Funerals, 271 AD2d 423, 423 [2000]).
Here, in support of their motion for summary judgment dismissing the complaint, the defendants submitted, among other things, the plaintiff’s deposition transcript and photographs of the wheel stop over which the plaintiff tripped. The defendants’ submissions were sufficient to establish, prima facie, that the wheel stop was open and obvious, and was not inherently dangerous (see Gallub v Popei’s Clam Bar, Ltd., of Deer Park, 98 AD3d at 560; Pipitone v 7-Eleven, Inc., 67 AD3d at 880; Cardia v Willchester Holdings, LLC, 35 AD3d at 336; Giambruno v Wilbur F. Breslin Dev. Corp., 56 AD3d at 521; Zimkind v Costco Wholesale Corp., 12 AD3d 593, 594 [2004]; Bryant v Superior Computer Outlet, 5 AD3d 343, 344 [2004]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the defendants’ motion for summary judgment dismissing the complaint. Mastro, J.E, Leventhal, Sgroi and Miller, JJ., concur.