■ JULIANNE OLDHAM-POWERS et al., Respondents, v LONG-WOOD CENTRAL SCHOOL DISTRICT, Appellant. [997 NYS2d 687]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Gazzillo, J.), dated December 13, 2013, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On April 15, 2010, the plaintiff Julianne Oldham-Powers (hereinafter the injured plaintiff), allegedly fell and sustained injuries after stepping into a pole vault box while walking across a field in the sports facilities area of Longwood High School. Prior to stepping into the pole vault box, she believed she was traversing a walkway, but she later learned she was walking along the pole vault runway. While she was walking, she was speaking to her daughter trying to determine which field to go to in order to watch her niece in a softball game, and she did not look down.

As a result of this accident, the injured plaintiff, and her husband suing derivatively, commenced this action against the Longwood Central School District (hereinafter the defendant) to recover damages, inter alia, for personal injuries. The defendant moved for summary judgment dismissing the complaint and the Supreme Court denied the motion. We affirm.

To impose liability upon a defendant in a trip-and-fall action,

there must be evidence that a dangerous or defective condition existed, and that the defendant either created the condition or had actual or constructive notice of it (*see Sinclair v Chau*, 117 AD3d 713 [2014]; *Lezama v 34-15 Parsons Blvd, LLC*, 16 AD3d 560 [2005]). A defendant has no duty to protect or warn against an open and obvious condition, which as a matter of law is not inherently dangerous (*see Gallo v Hempstead Turnpike, LLC*, 97 AD3d 723 [2012]; *Neiderbach v 7-Eleven, Inc.*, 56 AD3d 632 [2008]; *Cupo v Karfunkel*, 1 AD3d 48 [2003]). The issue of whether a dangerous condition is open and obvious is fact specific, and thus usually a question for the jury (*see Clark v AMF Bowling Ctrs., Inc.*, 83 AD3d 761, 761 [2011]; *Monaghan v Lake Park 135 Crossways Park Dr., LLC*, 80 AD3d 679, 680 [2011]; *Ruiz v Hart Elm Corp.*, 44 AD3d 842, 843 [2007]). Whether an asserted hazard is open and obvious cannot be divorced from the surrounding circumstances (*see Monaghan v Lake Park 135 Crossways Park Dr., LLC*, 80 AD3d at 680; *Mazzarelli v 54 Plus Realty Corp.*, 54 AD3d 1008 [2008]). A condition that is ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted (*see Clark v AMF Bowling Ctrs., Inc.*, 83 AD3d at 761; *Monaghan v Lake Park 135 Crossways Park Dr., LLC*, 80 AD3d at 680; *Mazzarelli v 54 Plus Realty Corp.*, 54 AD3d at 1009).

Here, the Supreme Court properly determined that the defendant submitted sufficient evidence to establish its prima facie entitlement to judgment as a matter of law on the ground that the pole vault box was not inherently dangerous and was readily observable to individuals employing the reasonable use of their senses (*see Gallo v Hempstead Turnpike, LLC*, 97 AD3d at 723; *Azumally v 16 W. 19th LLC*, 79 AD3d 922, 923 [2010]; *Thomas v Pleasantville Union Free School Dist.*, 79 AD3d 853, 854 [2010]).

In opposition, the plaintiffs raised a triable issue of fact as to whether the condition, while open and obvious, constituted a trap for the unwary. In this regard, the plaintiff submitted photographs of the pole vault area and the affidavit of the injured plaintiff, wherein she stated that she had never been to this area of the athletic fields of the high school before, believed she was walking on a walkway, and was speaking to her daughter trying to determine which field to go to (*see Clark v AMF Bowling Ctrs., Inc.*, 83 AD3d at 761; *Monaghan v Lake Park 135 Crossways Park Dr., LLC*, 80 AD3d at 680; *Mazzarelli v 54 Plus Realty Corp.*, 54 AD3d at 1009). The plaintiffs also submitted the affidavit of an expert who opined that the pole vault

runway and box constituted a pedestrian risk, which required the defendant to either cover the box, or place warning signs to alert pedestrians to the danger. Thus, even assuming that the pole vault area was open and obvious, this issue would only raise a triable issue of fact as to the injured plaintiff's possible comparative negligence (*see Monaghan v Lake Park 135 Crossways Park Dr., LLC*, 80 AD3d at 680; *DiVietro v Gould Palisades Corp.*, 4 AD3d 324 [2004]; *Cupo v Karfunkel*, 1 AD3d at 51). Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint.

The defendant's remaining contentions are without merit. Eng, P.J., Cohen, Hinds-Radix and LaSalle, JJ., concur.