■ NERMA MILLER, Respondent, v COSTCO WHOLESALE CORPORATION, Appellant, et al., Defendant. [4 NYS3d 281]—

In an action to recover damages for personal injuries, the defendant Costco Wholesale Corporation, appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Gazzillo, J.), dated April 3, 2013, as denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Costco Wholesale Corporation is granted.

The plaintiff tripped and fell over a concrete wheel stop in a parking lot of a Costco Wholesale Corporation (hereinafter Costco) store. She subsequently commenced this action against Costco and PJ Venture Common, LLC (hereinafter PJV), the lessee and out-of-possession owner, respectively, of the parking lot. Costco and PJV jointly moved for summary judgment dismissing the complaint. The Supreme Court denied that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against Costco.

While Costco had a duty to maintain the premises in a reasonably safe manner (*see Basso v Miller*, 40 NY2d 233, 241-242 [1976]), there is no duty to protect or warn against an open and obvious condition that is not inherently dangerous (*see Bellini v Gypsy Magic Enters., Inc.*, 112 AD3d 867, 868 [2013]; *Stern v River Manor Care Ctr., Inc.*, 106 AD3d 990, 991 [2013]; *Gallub v Popei's Clam Bar, Ltd., of Deer Park*, 98 AD3d 559,

560 [2012]; *Cupo v Karfunkel*, 1 AD3d 48, 52 [2003]). Generally " '[a] wheel stop or concrete parking lot divider which is clearly visible presents no unreasonable risk of harm' " (*Bellini v Gypsy Magic Enters., Inc.*, 112 AD3d at 868, quoting *Stern v River Manor Care Ctr., Inc.*, 106 AD3d at 991; *see Gallub v Popei's Clam Bar, Ltd., of Deer Park*, 98 AD3d at 560; *Gallo v Hempstead Turnpike, LLC*, 97 AD3d 723, 723 [2012]; *Giambruno v Wilbur F. Breslin Dev. Corp.*, 56 AD3d 520, 521 [2008]).

Here, Costco established its prima facie entitlement to judgment as a matter of law by showing that the wheel stop over which the plaintiff tripped and fell, which was cement-colored in contrast to the color of the pavement to which it was affixed, was not an inherently dangerous condition and was readily observable by those employing the reasonable use of their senses (*see Bellini v Gypsy Magic Enters., Inc.*, 112 AD3d at 868; *Gallo v Hempstead Turnpike, LLC*, 97 AD3d at 723; *Cardia v Willchester Holdings, LLC*, 35 AD3d 336, 336-337 [2006]; *Zimkind v Costco Wholesale Corp.*, 12 AD3d 593, 594 [2004]; *Bryant v Superior Computer Outlet*, 5 AD3d 343, 344 [2004]). In opposition, the plaintiff failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Costco. Rivera, J.P., Balkin, Duffy and LaSalle, JJ., concur.