■ FRANCES LACERRA, Appellant, v CVS PHARMACY, Defendant, and TOTTENVILLE COMMONS, LLC, Respondent. [38 NYS3d 267]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Green, J.), dated May 4, 2015, which granted the motion of the defendant Tottenville Commons, LLC, for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

While a property owner has a duty to maintain its premises in a reasonably safe manner for its patrons (*see Basso v Miller*, 40 NY2d 233, 241 [1976]), there is no duty to protect or warn against an open and obvious condition which is not inherently dangerous (*see Gallub v Popei's Clam Bar, Ltd., of Deer Park*, 98 AD3d 559 [2012]; *Cupo v Karfunkel*, 1 AD3d 48, 52 [2003]). "A wheel stop or concrete parking lot divider which is clearly visible presents no unreasonable risk of harm" (*Cardia v Willchester Holdings, LLC*, 35 AD3d 336, 336 [2006]; *see Stern v River Manor Care Ctr., Inc.*, 106 AD3d 990, 991 [2013]; *Gallo v Hempstead Turnpike, LLC*, 97 AD3d 723 [2012]; *Pipitone v 7-Eleven, Inc.*, 67 AD3d 879 [2009]; *Sclafani v Washington Mut.*, 36 AD3d 682, 682-683 [2007]; *Zimkind v Costco Wholesale Corp.*, 12 AD3d 593, 594 [2004]).

Here, the defendant Tottenville Commons, LLC, established its prima facie entitlement to judgment as a matter of law by submitting, inter alia, the plaintiff's deposition testimony and photographic evidence demonstrating that the plaintiff tripped when her foot came into contact with a wheel stop, which was open and obvious and not inherently dangerous, as she attempted to step over it on the way to her car (*see Miller v Costco Wholesale Corp.*, 125 AD3d 828, 829 [2015]; *LiPuma v J.P. Morgan Chase N.A.*, 119 AD3d 532 [2014]; *Bellini v Gypsy Magic Enters., Inc.*, 112 AD3d 867, 868 [2013]). The plaintiff's submissions in opposition to the motion, including the affidavit of an expert whose opinions were unsupported by the record and largely refuted by the photographic evidence, were insufficient to raise a triable issue of fact (*see Giambruno v Wilbur F. Breslin Dev. Corp.*, 56 AD3d 520, 521 [2008]; *Albano v Pete Milano's Discount Wines & Liqs.*, 43 AD3d 966, 967 [2007]; *Cardia v Willchester Holdings, LLC*, 35 AD3d at 337).

Accordingly, the Supreme Court properly granted the motion

of Tottenville Commons, LLC, for summary judgment dismissing the complaint insofar as asserted against it. Rivera, J.P., Leventhal, Maltese and Connolly, JJ., concur.