■ RHONDA BOGATY, Appellant, v BLUESTONE REALTY NY, INC., Respondent. [43 NYS3d 459]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Livote, J.), entered September 15, 2015, as, upon reargument, adhered to a prior determination in an order of the same court entered April 1, 2015, granting the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

On April 4, 2012, at approximately 10:30 a.m., the plaintiff allegedly tripped and fell over a wheel stop in a parking space at a small supermarket located in Great Neck. At the time of the accident, the premises were owned by the defendant. The plaintiff commenced the instant action against the defendant to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint, arguing that the plaintiff allegedly tripped over a wheel stop that was open and obvious and not inherently dangerous as a matter of law. The Supreme Court granted the defendant's motion in an order entered April 1, 2015. Thereafter, the plaintiff moved for leave to reargue her opposition to the defendant's motion. In an order entered September 15, 2015, the Supreme Court granted reargument and, upon reargument, adhered to its prior determination. We affirm insofar as appealed from.

Although a landowner has a duty to maintain its premises in a reasonably safe manner (*see Basso v Miller*, 40 NY2d 233, 241-242 [1976]), there is no duty to protect or warn against an open and obvious condition that is not inherently dangerous (*see Lacerra v CVS Pharm.*, 143 AD3d 674, 674 [2016]; *Miller v Costco Wholesale Corp.*, 125 AD3d 828 [2015]; *Bellini v Gypsy Magic Enters., Inc.*, 112 AD3d 867, 868 [2013]). Generally, "[a]

wheel stop or concrete parking lot divider which is clearly visible presents no unreasonable risk of harm" (*Cardia v Willchester Holdings, LLC*, 35 AD3d 336, 336 [2006]; *see Bellini v Gypsy Magic Enters., Inc.*, 112 AD3d at 868; *Gallub v Popei's Clam Bar, Ltd., of Deer Park*, 98 AD3d 559, 560 [2012]; *Gallo v Hempstead Turnpike, LLC*, 97 AD3d 723, 723 [2012]).

Here, the defendant established its prima facie entitlement to judgment as a matter of law by submitting, inter alia, the plaintiff's deposition testimony and photographic evidence demonstrating that the plaintiff tripped when her foot came into contact with a wheel stop that was open and obvious and not inherently dangerous. Among other things, the plaintiff testified at her deposition that she noticed the yellow cement wheel stops in the parking lot shortly before her accident (*see Miller v Costco Wholesale Corp.*, 125 AD3d at 829; *Bellini v Gypsy Magic Enters., Inc.*, 112 AD3d at 868; *Cardia v Willchester Holdings, LLC*, 35 AD3d at 336-337). In opposition, the plaintiff failed to raise a triable issue of fact (*cf. Lacerra v CVS Pharm.*, 143 AD3d at 674; *Giambruno v Wilbur F. Breslin Dev. Corp.*, 56 AD3d 520, 521 [2008]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The plaintiff's remaining contention is without merit.

Accordingly, upon reargument, the Supreme Court properly adhered to its prior determination granting the defendant's motion for summary judgment dismissing the complaint. Dillon, J.P., Dickerson, Hinds-Radix and Maltese, JJ., concur.