Dudnik v 1055 Hylan Offs., LLC (2018 NY Slip Op 05914)





Dudnik v 1055 Hylan Offs., LLC


2018 NY Slip Op 05914


Decided on August 29, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2017-04397
 (Index No. 101168/15)

[*1]Alla Dudnik, et al., appellants, 
v
1055 Hylan Offices, LLC, respondent.


Mark M. Basichas & Associates, P.C., New York, NY (Aleksey Feygin of counsel), for appellants.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Ross B. Barbour of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Richmond County (Kim Dollard, J.), entered March 27, 2017. The judgment, upon an order of the same court dated January 27, 2017, granting the defendant's motion for summary judgment dismissing the complaint, is in favor of the defendant and against the plaintiffs dismissing the complaint.
ORDERED that the judgment is reversed, on the law, with costs, the defendant's motion for summary judgment dismissing the complaint is denied, the complaint is reinstated, and the order is modified accordingly.
On July 13, 2015, the plaintiff Alla Dudnik (hereinafter the injured plaintiff) allegedly was injured when she tripped on a pillar of a metal railing on the top landing of an exterior staircase of the defendant's building in Staten Island. The accident occurred after the injured plaintiff exited the building through a door located next to an opening between the door and the railing. The opening was at the top of the staircase and provided access to the steps descending from the landing. According to the injured plaintiff, the opening was less than two feet wide. When the door was completely open, it blocked the opening leading to the stairs. The injured plaintiff testified at her deposition that she was attempting to reach the opening to access the steps when her left foot hit the pillar of the railing, causing her to fall.
The injured plaintiff, and her husband suing derivatively, commenced this personal injury action against the defendant. The defendant moved for summary judgment dismissing the complaint, contending, inter alia, that the railing that caused the injured plaintiff to trip and fall was open and obvious and not inherently dangerous. The Supreme Court granted the motion, determining that the condition was open and obvious. A judgment was entered in favor of the defendant and against the plaintiffs dismissing the complaint. The plaintiffs appeal.
A defendant property owner has a duty to maintain its premises in a "reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk" (Basso v Miller, 40 NY2d 233, 241 [internal quotation marks omitted]). However, there is no duty to protect or warn of conditions that [*2]are not inherently dangerous and that are readily observable by the reasonable use of one's senses (see Cupo v Karfunkel, 1 AD3d 48, 51). Whether a dangerous or defective condition exists on the property so as to give rise to liability depends on the particular circumstances of each case and is generally a question of fact for the jury (see Julianne Oldham-Powers v Longwood Cent. Sch. Dist., 123 AD3d 681, 682; Pellegrino v Trapasso, 114 AD3d 917, 918; Gutman v Todt Hill Plaza, LLC, 81 AD3d 892, 892-893; Villano v Strathmore Terrace Homeowners Assn., Inc., 76 AD3d 1061, 1062).
Here, the defendant failed to establish, prima facie, that it maintained its premises in a reasonably safe condition. Thus, the Supreme Court should have denied the defendant's motion regardless of the sufficiency of the plaintiffs' opposition papers (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Contrary to the defendant's contention, it cannot be said as a matter of law that the metal railing, which was open and obvious, was not inherently dangerous given its location within the accident site (see Lee v Acevedo, 152 AD3d 577, 578; Salomon v Prainito, 52 AD3d 803, 805). The defendant also failed to establish, prima facie, that it did not have notice of the alleged dangerous condition (see Medina v La Fiura Dev. Corp., 69 AD3d 686, 686).
In light of our determination, we need not reach the parties' remaining contentions as to whether the staircase was in violation of any applicable provisions of the Administrative Code of the City of New York.
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint.
RIVERA, J.P., DILLON, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court