Dillon v Town of Smithtown (2018 NY Slip Op 07289)





Dillon v Town of Smithtown


2018 NY Slip Op 07289


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-01066
 (Index No. 3209/15)

[*1]Bernard J. Dillon, et al., appellants, 
v
Town of Smithtown, respondent.


John L. Juliano, P.C., East Northport, NY, for appellants.
Campolo, Middleton & McCormick, LLP, Ronkonkoma, NY (Meghan M. Dolan of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (William G. Ford, J.), dated November 30, 2014. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff Bernard J. Dillon (hereinafter the injured plaintiff) allegedly tripped and fell on a "hump" on one of the baseball fields located within Flynn Memorial Park in the Town of Smithtown. The Town had installed a drain to keep water off this particular ballfield and covered the drain with asphalt, creating a hump. This hump extended to the area between the players' benches and the entrance to the ballfield on the third base side. The injured plaintiff was attempting to move through the entrance on the third base side when he tripped and fell over the hump.
The injured plaintiff, and his wife suing derivatively, commenced this personal injury action against the Town. The Town moved for summary judgment dismissing the complaint, contending that the condition of the hump was open and obvious and not inherently dangerous. The Supreme Court granted the motion, and the plaintiffs appeal.
A landowner has a duty to maintain its premises in a reasonably safe condition (see Peralta v Henriquez, 100 NY2d 139, 144; Basso v Miller, 40 NY2d 233, 241). There is, however, no duty to protect or warn against conditions that are open and obvious and not inherently dangerous (see Costidis v City of New York, 159 AD3d 871; Bogaty v Bluestone Realty NY, Inc., 145 AD3d 752; Witkowski v Island Trees Pub. Lib., 125 AD3d 768, 769; Cupo v Karfunkel, 1 AD3d 48, 51). Whether a dangerous or defective condition exists on the property so as to give rise to liability depends on the particular circumstances of each case and is generally a question of fact for the jury (see Bissett v 30 Merrick Plaza, LLC, 156 AD3d 751; Pellegrino v Trapasso, 114 AD3d 917, 918). "A condition that is ordinarily apparent to a person making reasonable use of [his or her] senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted" (Mazzarelli v 54 Plus Realty Corp., 54 AD3d 1008, 1009; see Dalton v North Ritz Club, 147 AD3d 1017; Simon v Comsewogue Sch. Dist., 143 AD3d 695, 696; Cassone v State of New York, 85 AD3d [*2]837, 839; Shah v Mercy Med. Ctr., 71 AD3d 1120).
Here, the Town failed to establish, prima facie, that the condition of the hump was open and obvious and not inherently dangerous given the surrounding circumstances at the time of the accident (see Dalton v North Ritz Club, 147 AD3d at 1018; Simon v Comsewogue Sch. Dist., 143 AD3d at 696; Cassone v State of New York, 85 AD3d at 839; Mazzarelli v 54 Plus Realty Corp., 54 AD3d at 1009; Mauriello v Port Auth. of N.Y. & N.J., 8 AD3d 200). In support of the motion, the Town submitted, inter alia, transcripts of the testimony of the injured plaintiff at his hearing pursuant to General Municipal Law § 50-h and at his deposition. The injured plaintiff testified that at the time of the accident, the hump was completely covered with dirt and sand and players were standing around it, thus obscuring his view of the hump. Since the Town failed to meet its initial burden as the movant, the burden never shifted to the plaintiffs to submit evidence sufficient to raise triable issues of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court should have denied the Town's motion for summary judgment dismissing the complaint.
MASTRO, J.P., ROMAN, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court