Mayorga v Kokkoris (2023 NY Slip Op 03774)

Mayorga v Kokkoris

2023 NY Slip Op 03774

Decided on July 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.

2021-05554
 (Index No. 702504/19)

[*1]Chester Mayorga, appellant, 
v
Peter Kokkoris, et al., respondents, et al., defendants.

Jonah Grossman, Jamaica, NY (Lawrence B. Lame of counsel), for appellant.
Kerley, Walsh, Matera & Cinquemani, P.C., Seaford, NY (Lauren B. Bristol of counsel), for respondents Peter Kokkoris and Village Burger Corp.
Hardin Kundla McKeon & Poletto, New York, NY (Ross V. Carpenter of counsel), for respondent 217 Hillside Chicken Corp.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Donna-Marie E. Golia, J.), dated June 29, 2021. The order, insofar as appealed from, granted that branch of the motion of the defendant 217 Hillside Chicken Corp. which was for summary judgment dismissing the complaint insofar as asserted against it, granted the motion of the defendants Peter Kokkoris and Village Burger Corp. for summary judgment dismissing the complaint insofar as asserted against them, and denied the plaintiff's cross-motion for summary judgment on the issue of liability against the defendants Peter Kokkoris and 217 Hillside Chicken Corp. or, in the alternative, to strike the answer of the defendant 217 Hillside Chicken Corp. or compel further discovery.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
The plaintiff commenced this action against, among others, Peter Kokkoris, 217 Hillside Chicken Corp., and Village Burger Corp. (hereinafter collectively the moving defendants) to recover damages for injuries the plaintiff allegedly sustained when he tripped and fell on an allegedly defective wheel stop in a restaurant parking lot. 217 Hillside Chicken Corp. moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. Kokkoris and Village Burger Corp. separately moved for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff cross-moved for summary judgment on the issue of liability against Kokkoris and 217 Hillside Chicken Corp., or, in the alternative, to strike 217 Hillside Chicken Corp.'s answer or compel further discovery. The Supreme Court granted that branch of the motion of 217 Hillside Chicken Corp. and the separate motion of Kokkoris and Village Burger Corp., and denied the plaintiff's cross-motion. The plaintiff appeals.
Although a landowner has a duty to maintain its premises in a reasonably safe manner (see Basso v Miller, 40 NY2d 233, 241-242), there is no duty to protect or warn against an open and obvious condition that is not inherently dangerous (see Lacerra v CVS Pharm., 143 AD3d 674, 674; [*2]Cupo v Karfunkel, 1 AD3d 48, 52). Generally, the issue of whether a dangerous or defective condition exists on the property of another depends on the facts of each case and is a question of fact for the jury (see Trincere v County of Suffolk, 90 NY2d 976, 977).
"A defendant seeking dismissal of a complaint on the basis that the alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses" (Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 79). In determining whether a defect is trivial, the court must examine all of the facts presented, including the "width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury" (Trincere v County of Suffolk, 90 NY2d at 978 [internal quotation marks omitted]). There is no "minimal dimension test" or "per se rule" that the condition must be of a certain height or depth in order to be actionable (id. at 977 [internal quotation marks omitted]). "Photographs which fairly and accurately represent the accident site may be used to establish that a defect is trivial and not actionable" (Schenpanski v Promise Deli, Inc., 88 AD3d 982, 984; see Baldasano v Long Is. Univ., 143 AD3d 933, 934).
Here, the Supreme Court properly determined that the moving defendants established, prima facie, through photographic evidence and the plaintiff's deposition testimony, that the wheel stop at issue was an open and obvious condition and not inherently dangerous (see Lacerra v CVS Pharm., 143 AD3d at 674; Bellini v Gypsy Magic Enters., Inc., 112 AD3d 867, 868; cf. Rivera v Queens Ballpark Co., LLC, 134 AD3d 796, 798), and that the bolt protruding from the wheel stop, over which the plaintiff allegedly tripped, was trivial and not actionable as a matter of law (see Trincere v County of Suffolk, 90 NY2d at 978; Rambarran v New York City Tr. Auth., 168 AD3d 1008; Stanley v New York City Hous. Auth., 161 AD3d 1128, 1129). The test of whether a defect is too trivial to be actionable does not turn on "whether a defect is capable of catching a pedestrian's shoe. Instead, the relevant questions are whether the defect was difficult for a pedestrian to see or to identify as a hazard or difficult to pass over safely on foot in light of the surrounding circumstances" (Hutchinson v Sheridan Hill House Corp., 26 NY3d at 80). Here, considering the location of the alleged defect, which was not on a walking surface, together with all the relevant surrounding circumstances, the moving defendants established, prima facie, that the alleged defect was trivial and not actionable as a matter of law (see Rambarran v New York City Tr. Auth., 168 AD3d at 1008; Stanley v New York City Hous. Auth., 161 AD3d at 1129).
In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the motion of Kokkoris and Village Burger Corp. for summary judgment dismissing the complaint insofar as asserted against them, and properly granted that branch of the motion of 217 Hillside Chicken Corp. which was for summary judgment dismissing the complaint insofar as asserted against it.
In light of the foregoing, the parties' remaining contentions need not be reached.
DILLON, J.P., CONNOLLY, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court