Coates v Brooklyn Hosp. Ctr. (2025 NY Slip Op 05062)

Coates v Brooklyn Hosp. Ctr.

2025 NY Slip Op 05062

Decided on September 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2020-03950
 (Index No. 509595/17)

[*1]Jacqueline Coates, appellant,
v
Brooklyn Hospital Center, respondent.

Frekhtman & Associates, Brooklyn, NY (Arkady Frekhtman of counsel), for appellant.
Furman Kornfeld & Brennan LLP (Shaub, Ahmuty, Citron & Spratt, LLP, Lake Success, NY [Christopher Simone, Nicholas Tam, and Jennifer Graw], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated November 5, 2020. The judgment, upon an order of the same court dated March 12, 2020, granting the defendant's motion for summary judgment dismissing the complaint, is in favor of the defendant and against the plaintiff dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
The plaintiff commenced this action against the defendant to recover damages for personal injuries that she alleged she sustained when she tripped and fell on a defective sidewalk on or abutting the defendant's property. After the completion of discovery, the defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff could not identify the location or cause of her fall. In an order dated March 12, 2020, the Supreme Court granted the motion. Thereafter, a judgment dated November 5, 2020, was issued, upon the order, in favor of the defendant and against the plaintiff dismissing the complaint. The plaintiff appeals.
To impose liability upon a defendant in possession of real property in a trip-and-fall action, there must be evidence that a dangerous or defective condition existed and that the defendant either created the condition or had actual or constructive notice of it and failed to remedy it within a reasonable time (see Barrett v New York City Tr. Auth., 176 AD3d 909, 911; Julianne Oldham-Powers v Longwood Cent. Sch. Dist., 123 AD3d 681, 681-682).
Contrary to the plaintiff's contention, the defendant established its prima facie entitlement to judgment as a matter of law by submitting, inter alia, a transcript of the plaintiff's deposition testimony, which demonstrated that the plaintiff was unable to identify the location of her fall without engaging in speculation (see E.F. v City of New York, 203 AD3d 887, 888; Singh v City of New York, 136 AD3d 641, 642). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's affidavit submitted in opposition to the motion merely raised a feigned issue of fact designed to avoid the consequences of her earlier deposition testimony and, thus, was insufficient [*2]to defeat summary judgment (see Mallen v Dekalb Corp., 181 AD3d 669, 670; Bryant v Loft Bookstore Cafe, LLC, 138 AD3d 664, 665-666).
The plaintiff's remaining contention is without merit.
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
DUFFY, J.P., MILLER, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court